■ SAIDA ZASLAVSKAY et al., Plaintiffs, v JOSEPH TWINE et al., Respondents, and NAUM SINAYKO, Appellant. [671 NYS2d 522] —In a negligence action to recover damages for personal injuries, etc., the defendant Naum Sinayko appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Kings County (Golden, J.), dated January 17, 1997, as granted that branch of the cross motion of the defendant Vincent Nasta which was for summary judgment dismissing his cross claim

insofar as asserted against that defendant, and (2) a judgment of the same court, entered July 18, 1997, as is in favor of the defendants Joseph Twine, Nicole Lostritto, and John Lostritto, dismissing his cross claim insofar as asserted against them.

Ordered that the order and the judgment are affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

On December 28, 1992, the parties were involved in a multivehicle, rear-end, chain-reaction collision on a downgrade on the eastbound Brooklyn-Queens Expressway. At the time of the accident the traffic was moderate to heavy, the road was icy and slippery, and precipitation was falling. The respondents' vehicles, which were the three cars ahead of the appellant in the same lane, were all stopped prior to any impact. The plaintiff, Saida Zaslavskay, was a passenger in the appellant's vehicle, which was allegedly hit from behind by an unidentified vehicle which left the scene. The appellant's vehicle then rear-ended the car in front of it.

The Supreme Court correctly granted those branches of the respondents' separate motions which were for summary judgment dismissing the appellant's cross claims against them. Contrary to the appellant's contention, he failed to raise any triable issue of fact regarding liability on the part of the respondents, all of whose vehicles were lawfully stopped prior to impact (*see,* Vehicle and Traffic Law § 1202 [a]; *Silberman v Surrey Cadillac Limousine Serv.,* 109 AD2d 833; *Leal v Wolff,* 224 AD2d 392, 394).

The appellant's remaining contentions are without merit. Bracken, J. P., O'Brien, Santucci and Altman, JJ., concur.