■ IFTIKHAR BAIG et al., Appellants-Respondents, v CLARISA TAMAN et al., Respondents-Appellants, and ASAD ALI, Respondent. [687 NYS2d 669] —In an action to recover damages for personal injuries, etc., (1) the plaintiffs appeal, as limited by their brief, from so much of (a) an order of the Supreme Court, Kings County (Golden, J.), dated March 20, 1998, as granted that branch of the motion of the defendant Asad Ali which was for summary judgment dismissing the complaint insofar as asserted against him, and (b) a judgment of the same court, entered April 17, 1998, as dismissed the complaint insofar as asserted against Asad Ali, and (2) the defendants Clarisa Taman and Herzel Taman cross-appeal, as limited by their brief, from so much of (a) the same order as granted the plaintiffs' motion for partial summary judgment against them on the issue of liability and that branch of the motion of the defendant

Asad Ali which was for summary judgment dismissing their cross claims against him, and (b) the same judgment as was in favor of the plaintiffs and against them on the issue of liability and dismissed their cross claims against Asad Ali. The notices of appeal from the order are deemed also to be notices of appeal from the judgment (*see,* CPLR 5501 [c]).

Ordered that the appeal and cross appeal from the order are dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed and cross-appealed from, on the law, the branches of the motion of the defendant Asad Ali which were for summary judgment dismissing the complaint and the cross claims of the defendants Clarisa Taman and Herzel Taman insofar as asserted against him are denied, the plaintiffs' motion for partial summary judgment against the defendant Clarisa Taman and Herzel Taman on the issue of liability is denied, and the complaint and the cross claims of the defendants Clarisa Taman and Herzel Taman are reinstated insofar as asserted against Asad Ali, and the order dated March 20, 1998, is modified accordingly; and it is further,

Ordered that the plaintiffs and the defendants Clarisa Taman and Herzel Taman are awarded one bill of costs payable by the respondent Asad Ali.

The appeal and cross appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal and cross appeal from the order are brought up for review and have been considered on the appeals from the judgment (*see,* CPLR 5501 [a] [1]).

This action arises from a three-car collision during which the defendant Asad Ali's vehicle struck the rear end of the plaintiffs' vehicle, which was stopped at a red light, allegedly causing personal injury to the occupants thereof. The vehicle operated by the defendant Herzel Taman struck Ali's vehicle in the rear. There is an issue of fact as to whether the plaintiffs' vehicle was struck in the rear by Ali's vehicle once or twice. The possibility that the plaintiffs' vehicle was struck twice raises the possibility that Ali was negligent, since his vehicle may not have been propelled into the plaintiffs' vehicle solely as a result of having been struck by the Taman's vehicle (*cf., Zaslavskay v Twine,* 249 AD2d 466; *Doris v Calia,* 222 AD2d 550; *Edney v Metropolitan Suburban Bus Auth.,* 178 AD2d 398, 399).

Moreover, the possibility of two impacts creates an issue of

fact as to whether the actions of Herzel Taman contributed to any injuries sustained by the plaintiffs. Accordingly, the court erred in granting partial summary judgment in favor of the plaintiffs and against the defendants Herzel Taman and Clarisa Taman. O'Brien, J. P., Ritter, Joy and Altman, JJ., concur.