The appellant H.C.I.R. Service Center, Inc. (hereinafter H.C.I.R.) is an out-of-possession landlord which leased its premises to an automobile repair shop. The individual appellants are the shareholders of H.C.I.R. The subject accident occurred on the premises when an automobile mechanic accidentally started a vehicle which hit the plaintiff. H.C.I.R. and its shareholders established a prima facie case of their entitlement to judgment as a matter of law and the plaintiffs failed to establish any triable issue of fact with respect to their liability (*see, Zuckerman v City of New York,* 49 NY2d 557). It cannot be said that H.C.I.R. was in any way responsible for the accident in question (*see, Velazquez v Tyler Graphics,* 214 AD2d 489). In any case, the shareholders cannot be held liable for the acts of the corporation (*see, Seuter v Lieberman,* 229 AD2d 386). Ritter, J. P., Santucci, S. Miller and Goldstein, JJ., concur.

■ VICTORIA ALOIA, Plaintiff, v APRIL B. STOFFEL, Appellant, and JOHN DEVITO et al., Respondents. [711 NYS2d 737] —In an action to recover damages for personal injuries, the defendant April B. Stoffel appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered September 8, 1999, as granted that branch of the motion of the defendants John DeVito and John Nicholas DeVito III which was for summary dismissing the cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On their motion for summary judgment, the respondents established that after their vehicle came to a stop, the plaintiff's vehicle stopped behind it. The appellant's vehicle then struck the plaintiff's vehicle, which caused it to hit the respondents' vehicle. A rear-end collision with a stationary vehicle creates a prima facie case of liability against the operator of the moving vehicle unless he or she can come forward with an adequate, nonnegligent explanation for the collision (*see, Mundo v City of Yonkers,* 249 AD2d 522; *Miller v Irwin,* 243 AD2d 546; *Parise v Meltzer,* 204 AD2d 295). We agree with the Supreme Court that the appellant failed to come forward with an adequate, nonnegligent explanation for the accident. Thus, the respondents were properly awarded summary judgment. O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.