■ DONALD R. JAFFE et al., Appellants, v MIRIAM B. MILLER et al., Respondents. [743 NYS2d 294] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Golia, J.), dated April 9, 2001, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

This action arises out of a multiple vehicle collision. The defendant Miriam B. Miller's vehicle struck the rear of the plaintiffs' vehicle, which was stopped in traffic on the Long Island Expressway. Seconds later, the defendant Bruce M. Ball's vehicle struck the rear of the Miller vehicle, pushing it into the plaintiffs' vehicle again.

A rear end collision with a stopped automobile creates a prima facie case of negligence with respect to the operator of the moving vehicle, imposing a duty on that operator to provide a nonnegligent explanation for the collision (*see Aloia v Stoffel,* 273 AD2d 420, 421; *Dwyer v Cohen,* 262 AD2d 600, 601). Here, the plaintiffs made a prima facie showing of entitlement to judgment as a matter of law.

The defendants failed to come forward with nonnegligent explanations for the impacts. Miller could not offer any explanation as to how the accident occurred. Ball's deposition testimony that he saw the Miller vehicle collide with the plaintiffs' vehicle but he could not stop his vehicle in time to avoid a collision was insufficient to rebut the inference of negligence (*see Geschwind v Hoffman,* 285 AD2d 448, 449; *Brant v Senatobia Operating Corp.,* 269 AD2d 483, 484). Feuerstein, J.P., Goldstein, McGinity and Crane, JJ., concur.