■ ABDUL SHAKIR, Respondent, v FELICE FALZARANO et al., Appellants, et al., Defendants. [840 NYS2d 810]—

In an action to recover damages for personal injuries, the defendants Felice Falzarano and Rosa Falzarano appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated September 14, 2006, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against the appellants is denied.

According to his deposition testimony, the appellant Felice Falzarano (hereinafter Felice) was operating a vehicle owned by the appellant Rosa Falzarano (hereinafter the Falzarano vehicle) on the Gowanus Expressway in Brooklyn, and was stopped, in "almost bumper-to-bumper" traffic, when the Falzarano vehicle was struck from behind by a tractor-trailer which "came from nowhere," and propelled it forward into a taxicab operated by the plaintiff. Felice also testified that he believed that there was only one impact between his car and the tractor-trailer. At his deposition, the plaintiff testified that his vehicle was struck in the rear two times. He also testified that he did not know if the tractor-trailer hit the Falzarano vehicle before the latter struck his vehicle. The operator of the tractor-trailer averred in an affidavit that he struck the Falzarano vehicle after it made a "sudden and abrupt stop."

The plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law on the issue of liability against the appellants (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). It cannot be determined from this record whether the Falzarano vehicle was propelled into the plaintiff's vehicle through no fault on Felice's part, or whether Felice negligently rear-ended the plaintiff's vehicle before the Falzarano vehicle was struck from behind by the tractor-trailer, causing a second impact to the plaintiff's vehicle (*see Baig v Taman,* 260 AD2d 332 [1999]; *cf. Jaffe v Miller,* 295 AD2d 404 [2002]). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the appellants. Miller, J.P., Mastro, Dillon and McCarthy, JJ., concur.