■ SERGE SILBERMAN et al., Respondents, et al., Plaintiff, v SURREY CADILLAC LIMOUSINE SERVICE, INC., et al., Appellants, et al., Defendant. — In a negligence action to recover damages for personal injuries, etc., defendants Surrey Cadillac Limousine Service, Inc., and Louis Bianco appeal from an order of the Supreme Court, Kings County (Golden, J.), entered July 13, 1984, which granted plaintiffs Serge Silberman's and Irene Silberman's motion for summary judgment against appellants, ordered an assessment of damages, and severed the action against defendant Rena Hoffman.

Order affirmed, with costs.

The Silbermans' claims are based upon injuries sustained when a vehicle in which plaintiff Serge Silberman was riding as a passenger, which was owned by appellant Surrey Cadillac Limousine Service, Inc., and was operated by appellant Louis Bianco, ran into the rear end of the vehicle in front. The only explanation provided by appellants for the accident is that the vehicle in front had stopped suddenly and without warning. Based on these facts, Special Term granted respondents' motion for summary judgment. Appellants contend that this was error, arguing that their explanation sufficed to create a triable issue of fact as to whether Bianco acted negligently (compare, Andre v Pomeroy, 35 NY2d 361 with Ugarriza v Schmieder, 46 NY2d 471). We disagree.

Bianco was under a duty to maintain a safe distance between the two vehicles (see, Vehicle and Traffic Law § 1129 [a]) and his failure to do so, in the absence of an adequate, nonnegligent explanation, constituted negligence as a matter of law (see, Opalek v Oshrain, 33 AD2d 521). Nor is the right of an innocent passenger to summary judgment in any way restricted by questions of comparative negligence which may exist as between

appellants and the driver of the vehicle in front (*see, Kiernan v Edwards,* 97 AD2d 750). Lazer, J. P., Gibbons, Thompson and Niehoff, JJ., concur.