■ CATERINA STARACE, Respondent, v INNER CIRCLE QONEXIONS, INC., et al., Appellants. [604 NYS2d 179] —In a negligence action to recover damages for personal injuries, the defendants Inner Circle Qonexions, Inc., and Jennis Medlock appeal from a judgment of the Supreme Court, Kings County (Garry, J.), entered March 7, 1991, which, upon a ruling awarding the plaintiff judgment as a matter of law as to liability, and upon a jury verdict as to damages, is in favor of the plaintiff and against the defendants in the principal sum of $40,000.

Ordered that the judgment is affirmed, with costs.

Contrary to the appellants' contentions, the plaintiff presented sufficient evidence to establish that while she was a passenger in a bus owned by the defendant Inner Circle Qonexions, Inc. (hereinafter Qonexions), and operated by the defendant Jennis Medlock, the Qonexions bus struck another bus in the rear. In *Benyarko v Avis Rent A Car Sys.* (162 AD2d 572, 573, quoting from *Young v City of New York,* 113 AD2d 833, 834), this Court held: " 'When a rear-end collision occurs * * * such collision is sufficient to create a prima facie case of liability on the part of defendant and imposes a duty of explanation with respect to the operator of the offending vehicle * * * Conclusory allegations * * * in opposition do not

rebut the inference of negligence created by the unexplained rear-end collision' ". Since the appellants did not come forward with any evidence to rebut the inference of negligence, we conclude that the trial court properly awarded the plaintiff judgment as a matter of law on the issue of liability.

We also agree that the trial court did not err in refusing to instruct the jury to disregard testimony regarding the plaintiff's pre-existing osteoarthritis condition. Because the plaintiff did not testify about her arthritis condition or claim that it was an injury sustained as a result of the accident, the trial court's general instructions, which made it clear that the plaintiff could only recover for injuries resulting from the accident, were sufficient (see, Kirschhoffer v Van Dyke, 173 AD2d 7, 9). In addition, because the case was not complicated and the evidence was virtually uncontroverted, special instructions were not required (cf., Rosenberg v Rixon, 111 AD2d 910).

We will not disturb the jury verdict which awarded the plaintiff $40,000 in damages for pain and suffering and expenses incurred as a result of the permanent injury to her nose, and the injuries to her neck and hand. We find that the award does not deviate materially from what would be reasonable compensation (see, CPLR 5501 [c]). Balletta, J. P., Rosenblatt, Santucci and Joy, JJ., concur.