■ ANGELO GAMBINO et al., Respondents, v CITY OF NEW YORK et al., Appellants. [613 NYS2d 417] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (G. Aronin, J.), dated May 11, 1992, which upon granting the plaintiffs' motion pursuant to CPLR 4404 to set aside a jury verdict in favor of the defendants on the issue of liability as against the weight of the evidence, and granted the plaintiffs a new trial.

Ordered that the order is affirmed, with costs.

In the late afternoon of May 29, 1986, the defendant Edward Robbins was driving a New York City Department of Sanitation truck on Cropsey Avenue in Brooklyn. Robbins made a left turn onto the left lane of Bay Parkway. Robbins began to move the truck into the right lane, but when he was halfway into the right lane he spotted a car parallel to the cab of his truck. Robbins turned the wheel of the truck to the left to avoid this car, and rear-ended the vehicle of the plaintiff Angelo Gambino, who was stopped at a red light.

It is well settled that a rear-end collision into an automobile stopped for a red light creates a prima facie case of liability with respect to the operator of the moving vehicle and imposes a duty of explanation on the operator of the moving vehicle (see, Edney v Metropolitan Suburban Bus Auth., 178 AD2d 398; Benyarko v Avis Rent A Car Sys., 162 AD2d 572). Here, the defendants failed to come forth with any defense of sudden or unavoidable circumstances which could have contributed to the happening of the accident and the jury could not have reached the verdict it did on any fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129). Thus, the Supreme Court properly set aside the verdict in favor of the defendants (see, Pincus v Cohen, 198 AD2d 405). Sullivan, J. P., Balletta, Joy and Friedmann, JJ., concur.