■ MANUEL LEAL et al., Appellants, v KARL A. WOLFF, Respondent. [638 NYS2d 110] —In an action to recover damages for

personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Rutledge, J.), dated December 12, 1994, which denied their motion for partial summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion is granted.

This action arises from a two-car collision in which a car driven by the defendant, Karl A. Wolff, rear-ended a car driven by the plaintiff Manuel Leal. In opposition to the plaintiffs' motion for partial summary judgment on the issue of liability, the defendant submitted his deposition testimony in which he testified that when he first saw Leal's car it was standing still only a few feet away and that he sounded his horn before the front, left side of his car lightly contacted the right, rear bumper of Leal's car. The defendant also testified that there was a distance of about five car-lengths in front of Leal's car and that Leal's car stopped short. The defendant further testified that, when he sounded his horn again, Leal's car moved and that, when he attempted to move to the right, Leal's car stopped short again. The Supreme Court denied the plaintiffs' motion. We reverse.

A rear-end collision with a stopped automobile establishes a prima facie case of negligence on the part of the operator of the moving vehicle and imposes a duty on the operator of the moving vehicle to explain how the accident occurred (see, Gambino v City of New York, 205 AD2d 583; Starace v Inner Circle Qonexions, 198 AD2d 493; Edney v Metropolitan Suburban Bus Auth., 178 AD2d 398; Benyarko v Avis Rent A Car Sys., 162 AD2d 572, 573). The operator of the moving vehicle is required to rebut the inference of negligence created by an unexplained rear-end collision (see, Pfaffenbach v White Plains Express Corp., 17 NY2d 132, 135) because he or she is in the best position to explain whether the collision was due to a mechanical failure, a sudden stop of the vehicle ahead, an unavoidable skidding on a wet pavement, or some other reasonable cause (see, Carter v Castle Elec. Contr. Co., 26 AD2d 83, 85). If the operator of the moving vehicle cannot come forward with any evidence to rebut the inference of negligence, the plaintiff may properly be awarded judgment as a matter of law (see, Starace v Inner Circle Qonexions, supra, at 493; Young v City of New York, 113 AD2d 833, 834).

Under the circumstances of this case, the plaintiffs established a prima facie case of negligence. Since the defendant was under a duty to maintain a safe distance between his car and Leal's car (see, Vehicle and Traffic Law § 1129 [a]), his fail-

ure to do so, in the absence of a nonnegligent explanation, constituted negligence as a matter of law *(see, Silberman v Surrey Cadillac Limousine Serv.,* 109 AD2d 833). The defendant's deposition and accident report, which allege only that Leal's car stopped short in heavy traffic, are insufficient to raise a triable issue of fact *(see, Silberman v Surrey Cadillac Limousine Serv., supra).* Thompson, J. P., Friedmann, Krausman and Florio, JJ., concur.