■ ELMER ARTIS et al., Appellants, v JAMAICA BUSES, INC., et al., Respondents. [693 NYS2d 607] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Durante, J.), dated April 12, 1998, which, upon a jury verdict in favor of the defendants on the issue of liability, and upon the denial of their motion pursuant to CPLR 4404 (a) to set aside the verdict, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff Elmer Artis was injured when a bus driven by the defendant Kevin Jameison on behalf of his employer, the defendant Jamaica Buses, Inc., collided with the rear of the plaintiffs' stopped vehicle. The jury found in favor of the defendants and the trial court denied the plaintiffs' motion to set aside the verdict.

"[A] rear-end collision into a stopped automobile creates a prima facie case of liability with respect to the operator of the moving vehicle, imposing a duty of explanation on its operator" (*Cammilleri v S & W Realty Assocs.,* 243 AD2d 530, 531; *Leal v Wolff,* 224 AD2d 392). If the operator of the moving vehicle rebuts the plaintiffs' prima facie case with a nonnegligent excuse, then the operator may not be liable (*see, Cammilleri v S & W Realty Assocs., supra; Leal v Wolff, supra*). Here, the defendant bus driver testified that on the day of the accident it was snowing, the road was slippery and icy, and the bus was having difficulty retaining traction with the roadway. Although he was travelling at a speed of only 8 to 10 miles per hour, approximately two bus-lengths behind the plaintiffs, the bus slid into the rear of the plaintiffs' car when the latter suddenly stopped as the light changed from green to yellow.

It cannot be said that there is "no valid line of reasoning [or] permissible inferences" which would support the jury's verdict (*Nicastro v Park,* 113 AD2d 129, 132), or that the jury could not have reached its verdict on any fair interpretation of the evidence.

Accordingly, the trial court properly denied the plaintiffs' motion to set aside the verdict and the judgment is affirmed. Bracken, J. P., O'Brien, Thompson and Sullivan, JJ., concur.