■ CORNELIUS J. DWYER et al., Plaintiffs, v LISA B. COHEN, Defendant. (Action No. 1.) DANIEL GALANTE et al., Plaintiffs, v LISA B. COHEN, Defendant and Third-Party Plaintiff-Respondent. CORNELIUS J. DWYER, Third-Party Defendant-Appellant. (Action No. 2.) [692 NYS2d 467] —In two related actions to recover damages for personal injuries, etc., Cornelius J. Dwyer, a plaintiff in Action No. 1 and the third-party defendant in Action No. 2, appeals from an order of the Supreme Court, Nassau County (Dunne, J.), entered December 31, 1997, which denied his motion for summary judgment dismissing the third-party complaint in Action No. 2.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the third-party complaint in Action No. 2 is dismissed.

A car owned and operated by the respondent Lisa B. Cohen,

the defendant in Action No. 1 and the defendant third-party plaintiff in Action No. 2, struck the rear of a car operated by the appellant, Cornelius J. Dwyer, a plaintiff in Action No. 1 and the third-party defendant in Action No. 2. At the time of the collision, the appellant's car was stopped at an intersection while the appellant waited to make a left turn. The respondent was sued by the appellant and his wife (Action No. 1) and the passengers in the appellant's car at the time of the collision (Action No. 2), and brought a third-party action against the appellant in Action No. 2. The appellant's motion for summary judgment dismissing the third-party complaint in Action No. 2 was denied, and we reverse.

As a general rule, a rear-end collision with a stopped automobile creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on the operator of the moving vehicle to explain how the accident occurred (*see generally, Leal v Wolff,* 224 AD2d 392). Even assuming that the facts are as stated by the respondent, her testimony failed to demonstrate the existence of a genuine issue of material fact sufficient to warrant the denial of the appellant's motion for summary judgment (*see, Gambino v City of New York,* 205 AD2d 583; *Parise v Meltzer,* 204 AD2d 295; *Aromando v City of New York,* 202 AD2d 617). O'Brien, J. P., Florio, H. Miller and Smith, JJ., concur.