■ STEVEN BARON et al., Appellants, v EUGENE MURRAY, Respondent. [702 NYS2d 354] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (De Maro, J.), dated January 12, 1999, which denied their motion for summary judgment on the issue of liability and granted the defendant's cross motion for summary judgment dismissing the complaint on the ground that the plaintiff Steven Baron did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is granted, and the defendant's cross motion is denied.

A rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the operator of the moving vehicle and imposes a duty on him or her to explain how the accident occurred (*see, Leal v Wolff,* 224 AD2d 392; *Gambino v City of New York,* 205 AD2d 583). If the operator of the moving vehicle cannot come forward with any evidence to rebut the inference of negligence, the plaintiff may properly be awarded judgment as a matter of law. The defendant's testimony at his examination before trial, which alleges only that the plaintiffs' car stopped suddenly, is insufficient to raise a triable issue of fact (*see, Silberman v Surrey Cadillac Limousine Serv.,* 109 AD2d 833).

The medical evidence submitted by the defendant failed to make out a prima facie case that the injured plaintiff, Steven Baron, did not sustain a serious injury. The statements prepared by the defendant's medical experts, Doctors McAlarney, Pitman, and Messing, were neither sworn to nor affirmed to be true under penalty of perjury and thus. did not constitute competent evidence (*see,* CPLR 2106; *Merle v A Rebate Rent A Car II Corp.,* 266 AD2d 438; *Moore v Tappen,* 242 AD2d 526). Therefore, the defendant's cross motion should have been denied. Bracken, J. P., Santucci, Altman, Friedmann and H. Miller, JJ., concur.