■ RIMONA LEVINE et al., Plaintiffs, v CLYDE TAYLOR et al., Defendants and Third-Party Plaintiffs-Appellants. SHARON CABASSO et al., Third-Party Defendants-Respondents. [702 NYS2d 107] —In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Rappaport, J.), dated March 24, 1999, which, *inter alia,* granted the motion of the third-party defendants for summary judgment dismissing the third-party complaint and all cross claims asserted against them.

Ordered that the order and judgment is affirmed, with costs.

It is undisputed that the vehicle operated by the third-party defendant Sharon Cabasso was struck in the rear by a vehicle operated by the plaintiff Rimona Levine, which was struck from behind by a vehicle operated by the defendant Clyde Taylor. A rear-end collision is sufficient to create a prima facie case of liability and imposes a duty of explanation with respect to the operator of the offending vehicle (*see, Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132, 135; *Gambino v City of New York,* 205 AD2d 583). Conclusory allegations in opposition do not rebut the inference of negligence created by the unexplained rear-end collision (*see, Young v City of New York,* 113 AD2d 833, 834).

In the case at bar, Taylor admitted that he did not see

Levine's car strike Cabasso's car. Yet, he told the police that Cabasso's car had stopped short. Such speculation is insufficient to defeat a motion for summary judgment (*see, Itingen v Weinstein,* 260 AD2d 440).

In any event, assuming that Taylor raised an issue of fact as to whether Cabasso stopped short before the impact, his testimony, to the effect that the accident was caused by Cabasso's sudden stop, was insufficient to rebut the presumption that he was negligent (*see, Leal v Wolff,* 224 AD2d 392; *Silberman v Surrey Cadillac Limousine Serv.,* 109 AD2d 833). Accordingly, the Supreme Court properly granted the motion of the third-party defendants to dismiss the third-party complaint (*see, Starace v Inner Circle Qonexions,* 198 AD2d 493). O'Brien, J. P., Sullivan, Goldstein, Luciano and Feuerstein, JJ., concur.