■ APOLONIA VELASQUEZ et al., Appellants, v HERSSON QUIJADA et al., Respondents. [703 NYS2d 518] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Levitt, J.), dated February 23, 1999, which granted the defendants' cross motion for summary judgment dismissing the complaint pursuant to CPLR 3212 based upon the failure of either of the plaintiffs to sustain a serious injury within the meaning of Insurance Law § 5102 (d) and denied, as academic, the plaintiffs' motion for partial summary judgment in their favor on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the cross motion is denied, the complaint is reinstated, and the motion for summary judgment is granted.

The defendants failed to establish a prima facie case that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d), as the findings of the defendants' own expert raised triable issues of fact. Thus, the defendants' motion for summary judgment must be denied (*see, Gaddy v Eyler,* 79 NY2d 955; *Meyer v Gallardo,* 260 AD2d 556).

The plaintiffs' motion for partial summary judgment on the issue of fault must be granted. "A rear-end collision with a stopped automobile establishes a prima facie case of negligence

on the part of the operator of the moving vehicle and imposes a duty on the operator of the moving vehicle to explain how the accident occurred" (*Leal v Wolff,* 224 AD2d 392, 393; *see, Gambino v City of New York,* 205 AD2d 583; *Starace v Inner Circle Qonexions,* 198 AD2d 493). The failure of the defendant Hersson Quijada to maintain a safe distance between his vehicle and the plaintiffs' vehicle, in the absence of an adequate explanation, constituted negligence as a matter of law (*see,* Vehicle and Traffic Law § 1129 [a]; *Zakutny v Gomez,* 258 AD2d 521). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.