■ BOHOMME MORISSAINT et al., Plaintiffs, v RAEMAR CORP. et al., Defendants and Third-Party Plaintiffs-Appellants. HARL PRESCOD et al., Third-Party Defendants-Respondents. [706 NYS2d 165] —In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal from an order of the Supreme Court, Kings County (R. Goldberg, J.), dated March 25, 1999, which granted the respective motions of the third-party defendants for summary judgment dismissing the third-party complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The instant action arose from a motor vehicle accident involving four vehicles in a chain-reaction collision. The respondents, who are the third-party defendants, owned or operated the first and second cars in the chain and moved for summary judgment dismissing the third-party complaint. The respondents' affidavits submitted in support of their respective motions stated that they were stopped at a light when they were hit from behind. Consequently, the respondents established a prima facie case of liability with respect to the appellants, the owner and operator of the moving vehicle. The appellants failed to submit a non-negligent explanation for the rear-end collision to rebut the inference of negligence (*see, Leal v Wolff,* 224 AD2d 392; *Parise v Meltzer,* 204 AD2d 295; *see also, Artis v Jamaica Buses,* 262 AD2d 511; *Pares v LaPrade,* 266 AD2d 852). The affidavit of the appellants' attorney, who had no personal knowledge of the facts, together with an unsworn accident report signed by the appellant operator were insufficient to defeat the motions for summary judgment (*see, Johnson v Phillips,* 261 AD2d 269).

We reject the appellants' argument that summary judgment was granted prematurely. The belief that additional discovery might reveal something helpful to their case does not provide a basis pursuant to CPLR 3212 (f) for postponing a determination of summary judgment (*see, Cooper v Milton Paper Co.,* 258 AD2d 614). O'Brien, J. P., S. Miller, Friedmann and Smith, JJ., concur.