■ WON-JIN KIM, Appellant-Respondent, v ANTHONY SGARAGLIO et al., Respondents, and HYUN JEONG SONG et al., Respondents-Appellants. [716 NYS2d 580] —In an action to recover damages for personal injuries, (1) the plaintiff appeals from so much of an order of the Supreme Court, Queens County

(Lisa, J.), dated November 22, 1999, as, upon reargument, adhered to a prior order of the same court dated March 16, 1999, denying his motion for partial summary judgment against the defendants Anthony Sgaraglio and Classic Coffee Systems, Ltd., on the issue of liability, and (2) the defendants Hyun Jeong Song and ELRAC, Inc., cross-appeal, as limited by their notice of cross appeal and brief, from so much of the order dated November 22, 1999, as denied their cross motion, in effect, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs payable by the respondents Anthony Sgaraglio and Classic Coffee Systems, Ltd., the plaintiff's motion for partial summary judgment against the defendants Anthony Sgaraglio and Classic Coffee Systems, Ltd., on the issue of liability is granted, the cross motion is granted, and the complaint and cross claims are dismissed insofar as asserted against the defendants Hyun Jeong Song and ELRAC, Inc., and the action against the respondents is severed.

A rear-end collision with a stopped automobile establishes a prima facie case of negligence on the part of the driver of the moving vehicle and imposes a duty on him or her to explain how the accident occurred (*see, Leal v Wolff,* 224 AD2d 392; *Gambino v City of New York,* 205 AD2d 583). If the operator of the moving vehicle cannot come forward with any evidence to rebut the inference of negligence, the driver of the lead vehicle may properly be awarded judgment as a matter of law.

Here, the defendant Anthony Sgaraglio, the driver of the moving vehicle, failed to rebut the inference of negligence arising from this rear-end collision (*see, Levine v Taylor,* 268 AD2d 566; *Leal v Wolff, supra*; *Silberman v Surrey Cadillac Limousine Serv.,* 109 AD2d 833). The Supreme Court therefore erred in denying the summary judgment motion of the plaintiff, who was the passenger in the lead vehicle, and the cross motion of the defendants Hyun Jeong Song and ELRAC., Inc., who were the driver and owner, respectively, of the lead vehicle. Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.