■ DAWN SHAMAH, Appellant, v RICHMOND COUNTY AMBULANCE SERVICE, INC. et al., Respondents. [719 NYS2d 287] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Ponterio, J.), dated February 15, 2000, as denied her motion for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is granted.

This action arises from a collision in which an ambulance owned by the defendant Richmond County Ambulance Service, Inc., and operated by the defendant Joshua F. Henry rear-ended a car driven by the plaintiff which was stopped at an intersection while waiting to make a left turn. Henry, who had been following the plaintiff's car and had been keeping a distance of two car-lengths behind it, testified at his examination before trial that he observed the plaintiff's signal and

brake lights before the collision. However, when he applied his brakes the ambulance skidded on the wet roadway and struck the rear of the plaintiff's car. The Supreme Court denied the plaintiff's motion for summary judgment, finding an issue of fact as to whether the accident was caused by a sudden stop by the plaintiff's vehicle and the unavoidable skidding of the ambulance. We reverse.

It is well settled that a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the moving vehicle, requiring the operator of that vehicle to come forward with a non-negligent explanation for the accident (*see, Leal v Wolff,* 224 AD2d 392). Conclusory assertions of a sudden and unexpected stop are insufficient to rebut the inference of negligence (*see, Levine v Taylor,* 268 AD2d 566; *Corbly v Butler,* 226 AD2d 418; *Benyarko v Avis Rent A Car Sys.,* 162 AD2d 572; *Young v City of New York,* 113 AD2d 833). Moreover, vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her car and the car ahead (*see,* Vehicle and Traffic Law § 1129 [a]; *Levine v Taylor, supra; Mascitti v Greene,* 250 AD2d 821; *Leal v Wolff, supra; Barba v Best Sec. Corp.,* 235 AD2d 381; *Cohen v Terranella,* 112 AD2d 264).

Both the plaintiff and the ambulance passenger testified that the plaintiff had stopped at the intersection for a full 20 to 30 seconds before the defendant's ambulance collided with her car. Henry was aware that the plaintiff had stopped to make a left turn. Under these circumstances, the defendants' conclusory assertion that the plaintiff made a sudden stop is insufficient to raise a triable issue of fact (*see, Dwyer v Cohen,* 262 AD2d 600; *Johnson v Phillips,* 261 AD2d 269), as is the defendants' assertion that the ambulance skidded on a wet road surface (*see, Hurley v Cavitolo,* 239 AD2d 559; *Pincus v Cohen,* 198 AD2d 405). Accordingly, summary judgment should have been awarded to the plaintiff on the issue of liability. Krausman, J. P., Luciano, H. Miller and Feuerstein, JJ., concur.