■ VIRGINIA DILEO et al., Appellants, v MARC B. GREENSTEIN, Respondent. (And a Third-Party Action.) [722 NYS2d 259]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Burke, J.), dated July 24, 2000, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

A rear-end collision with a stopped vehicle establishes prima facie that the driver of the moving vehicle was negligent and imposes a duty on him or her to explain how the accident occurred (*see, Leal v Wolff,* 224 AD2d 392; *Gambino v City of New York,* 205 AD2d 583). If the operator of the moving vehicle cannot come forward with any evidence to rebut the inference of negligence, the driver of the lead vehicle may properly be awarded judgment as a matter of law. A claim that the driver of the lead vehicle made a sudden stop is insufficient to rebut the presumption of negligence (*see, Levine v Taylor,* 268 AD2d 566; *Leal v Wolff, supra; Silberman v Surrey Cadillac Limousine Serv.,* 109 AD2d 833).

The Supreme Court erred in denying the plaintiffs' motion for summary judgment on the issue of liability, as the defendant's only claim was that the driver of the lead vehicle stopped short in heavy traffic (*see, Cacace v DiStefano,* 276 AD2d 457; *Leal v Wolff, supra*). O'Brien, J. P., Friedmann, Goldstein and Smith, JJ., concur.