■ MARK GESCHWIND, Respondent, v DIANE HOFFMAN et al., Respondents, and STEVEN AFFRONTI, Appellant. [727 NYS2d 155] —In an action to recover damages for personal injuries, the defendant Steven Affronti appeals from an order of the Supreme Court, Nassau County (Brown, J.), dated May 1, 2000, which granted the plaintiff's motion to set aside the jury verdict in favor of Affronti on the issue of liability and to award judgment in favor of the plaintiff and against him on that issue.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was to award judgment in favor of the plaintiff and against the appellant on the issue of liability, and substituting therefor provisions denying that branch of the motion and granting a new trial against the appellant on the issues of liability and the apportionment of fault among the parties; as so modified, the order is affirmed, with costs to abide the event.

The plaintiff, the appellant Steven Affronti, and two other individuals were involved in a slow-speed motor vehicle collision that occurred in bumper-to-bumper traffic on May 29, 1994, on Montauk Highway in Southampton. The plaintiff's vehicle was the second in a four-car chain-reaction rear-end collision. After a trial against the owners and operators of the two

vehicles that were behind the plaintiff's car, the jury returned a verdict finding that neither of them was negligent. The Supreme Court granted the plaintiff's motion to set aside the verdict in favor of the appellant, the driver of the fourth vehicle, and awarded judgment against him on the issue of liability.

The Supreme Court correctly found that Affronti's failure to come forward with a nonnegligent explanation for the rear-end collision rendered him negligent as a matter of law (*see, Levine v Taylor,* 268 AD2d 566; *Leal v Wolff,* 224 AD2d 392). His proffered explanation that he struck the vehicle ahead of his because it stopped abruptly was insufficient as a matter of law (*see, Brant v Senatobia Operating Corp.,* 269 AD2d 483; *Bando-Twomey v Richheimer,* 229 AD2d 554; *Leal v Wolff, supra*). Thus, there was "no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Nicastro v Park,* 113 AD2d 129, 132, *see, Cohen v Hallmark Cards,* 45 NY2d 493, 498).

Nevertheless, the trial court erred in awarding judgment in the plaintiff's favor because there remains a question of fact as to whether Affronti's negligence was a proximate cause of the plaintiff's injuries. There was conflicting testimony as to whether Affronti's vehicle was the first to make contact in the chain reaction, or whether the vehicle ahead of Affronti hit the plaintiff's vehicle prior to any contact by Affronti's vehicle. Because the verdict sheet with respect to the issue of proximate cause as to Affronti was defective, a new trial against only Affronti on this issue is necessary. The issue of comparative negligence should also be retried. Goldstein, J. P., Friedmann, Feuerstein and Crane, JJ., concur.