■ MARIA A. MCKEOUGH et al., Respondents, v ANN M. ROGAK, Appellant. [733 NYS2d 77] —In an action to recover dam-

ages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Oshrin, J.), dated March 22, 2001, which denied her motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

A rear-end collision with a stopped automobile establishes a prima facie case of negligence on the part of the operator of the moving vehicle and imposes a duty on him or her to explain how the accident occurred (*see, Mendiolaza v Novinski,* 268 AD2d 462; *Leal v Wolff,* 224 AD2d 392). If the operator of the moving vehicle cannot come forward with any evidence to rebut the inference of negligence, the court may properly award summary judgment as a matter of law (*see, Leal v Wolff, supra*; *Barile v Lazzarini,* 222 AD2d 635). In the present case, it was undisputed that the defendant's vehicle was stopped at the time the plaintiff's vehicle hit the back of it. The plaintiff's explanation, in effect, that the defendant's car stopped suddenly, is insufficient to raise a triable issue of fact (*see, Baron v Murray,* 268 AD2d 495; *Leal v Wolff, supra*; *Silberman v Surrey Cadillac Limousine Serv.,* 109 AD2d 833). Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.