■ JACQUELINE DAVIS, Appellant, v BRENDA QUINONES, Respondent, et al., Defendants. [743 NYS2d 171] —In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (D. Schmidt, J.), dated May 9, 2001, as granted that branch of the motion of the defendant Brenda Quinones which was for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is undisputed that the vehicle operated by the defendant Brenda Quinones was hit in the rear by the vehicle driven by the plaintiff. A rear end collision with a stopped automobile creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on that operator to provide a nonnegligent explanation as to how the accident occurred (*see Dwyer v Cohen,* 262 AD2d 600; *Leal v Wolff,* 224 AD2d 392). Conclusory allegations are insufficient to rebut the prima facie showing of negligence created by the unexplained rear end collision (*see Young v City of New York,* 113 AD2d 833, 834).

Here, Quinones made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the rear end collision occurred while her vehicle was stopped, relying on the plaintiff's own admission that she did not see Quinones' vehicle until it was stopped in front of her. The plaintiff's completely speculative assertion that Quinones must have cut in front of her immediately before the collision was insufficient to defeat the motion for summary judgment (*see Levine v Taylor,* 268 AD2d 566; *Itingen v Weinstein,* 260 AD2d 440). S. Miller, J.P., Schmidt, Adams and Townes, JJ., concur.