■ DOLORES T. MCGREGOR et al., Respondents, v FRANK MANZO et al., Respondents, and ZULQARNAIN SHAKER, Appellant. [744 NYS2d 467] —In an action to recover damages for personal injuries, etc., the defendant Zulqarnain Shaker appeals from an order of the Supreme Court, Kings County (Bernstein, J.), dated May 9, 2001, which denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

A rear-end collision establishes a prima facie case of negligence on the part of the driver of the offending vehicle and imposes a duty on him or her to explain how the accident occurred (*see Leal v Wolff,* 224 AD2d 392; *Gambino v City of New York,* 205 AD2d 583). If the operator of the offending vehicle cannot come forward with any evidence to rebut the inference of negligence, the driver of the lead vehicle may properly be awarded judgment as a matter of law. A claim that the driver of the lead vehicle made a sudden stop is insufficient to rebut the presumption of negligence (*see Levine v Taylor,* 268 AD2d 566; *Leal v Wolff, supra; Silverman v Surrey Cadillac Limousine Serv.,* 109 AD2d 833).

Here, the Supreme Court erred in denying the appellant's motion for summary judgment, as the driver of the offending vehicle failed to come forward with any evidence to rebut the inference of negligence. Santucci, J.P., Smith, Krausman, H. Miller and Adams, JJ., concur.