■ FIDEL BARBERENA, Appellant, v BUDD ENTERPRISES, LTD., et al., Respondents, et al., Defendant. [749 NYS2d 147] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Gigante, J.), dated June 18, 2001, which denied his motion pursuant to CPLR 3215 for leave to enter judgment against

the defendants Budd Enterprises, Ltd., and Dominick G. Riccardi, upon their default in answering, and granted the cross motion of those defendants to compel acceptance of their answer.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the matter is remitted to the Supreme Court, Kings County, for an inquest on the issue of damages.

A court may excuse a default in answering upon a showing of a meritorious defense and a justifiable excuse (see CPLR 5015 [a]; *Miles v Blue Label Trucking,* 232 AD2d 382). In this rear-end collision case, the respondents' conclusory assertion that the accident occurred because the plaintiff's vehicle "stopped * * * suddenly" does not constitute a meritorious defense to the plaintiff's claim of negligence (see *Shamah v Richmond County Ambulance Serv.,* 279 AD2d 564). Vehicle stops which are foreseeable under the prevailing conditions, even if sudden and frequent, must be anticipated by the driver who follows, since he or she is under a duty pursuant to Vehicle and Traffic Law § 1129 (a) to maintain a safe distance between his or her car and the car ahead (see *Shamah v Richmond County Ambulance Serv., supra; Levine v Taylor,* 268 AD2d 566).

The respondents' remaining contention is without merit. Florio, J.P., O'Brien, Friedmann, Adams and Crane, JJ., concur.