■ MICHELE M. REED et al., Plaintiffs, v NEW YORK CITY TRANSIT AUTHORITY, Defendant and Third-Party Plaintiff-Respondent. BRUCE KOENIGSBURG et al., Third-Party Defendants-Appellants. (Action No. 1.) JUDY ASCOLESI, Plaintiff, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants and Third-Party Plaintiffs-Respondents. BRUCE KOENIGSBURG et al., Third-Party Defendants-Appellants. (Action No. 2.) [749

NYS2d 91] —In two related actions to recover damages for personal injuries, which were consolidated for trial, Bruce Koenigsburg, a third-party defendant in both actions, appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Ponterio, J.), dated April 26, 2001, as denied his motion for summary judgment dismissing the third-party complaints and all cross claims insofar as asserted against him, and Michael Grogan, a third-party defendant in both actions, separately appeals from so much of the same order as denied his motion for summary judgment dismissing the third-party complaints and all cross claims insofar as asserted against him.

Ordered that the order is reversed, on the law, with one bill of costs, the motions are granted, and the third-party complaints are dismissed.

The plaintiffs were passengers on a bus operated by the New York City Transit Authority (hereinafter the NYCTA), which collided with the rear of an automobile driven by Bruce Koenigsburg. The force of the collision propelled Koenigsburg's automobile into the rear of a pickup truck driven by Michael Grogan. The plaintiffs Michelle M. Reed and Jennifer Reed commenced an action against the NYCTA, and the plaintiff Judy Ascolesi commenced an action against the NYCTA and its bus driver, and the defendants in those actions commenced third-party actions against Koenigsburg and Grogan (hereinafter the appellants). The appellants separately moved for summary judgment dismissing the third-party complaints and all cross claims insofar as asserted against them. We conclude that the Supreme Court erred in denying their motions.

"A rear-end collision with a stopped or stopping vehicle creates a prima facie case of liability against the operator of the rearmost vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision" (*Argiro v Norfolk Contract Carrier,* 275 AD2d 384, 385; *see Rebecchi v Whitmore,* 172 AD2d 600). The appellants made a prima facie showing that the NYCTA and its bus driver were solely at fault. Although there was conflicting evidence as to whether Koenigsburg's automobile had come to a complete stop behind Grogan's truck or was "moving slightly," there is no dispute that their vehicles were at least 10 feet apart when the bus rear-ended Koenigsburg's automobile and forced it into the rear of Grogan's truck (*see Campanella v Moore,* 266 AD2d 423; *Rebecchi v Whitmore, supra*). Thus, to defeat the appellants' motions, the defendants were required to come forward with evidence to rebut the inference of

negligence (*see Mendiolaza v Novinski,* 268 AD2d 462; *Starace v Inner Circle Qonexions,* 198 AD2d 493).

The respondents contend that the evidence showed that the appellants' vehicles abruptly slowed or stopped in the lane in front of the bus. However, since drivers are under a duty to maintain a safe distance between their vehicles and the vehicles in front of them (*see* Vehicle and Traffic Law § 1129 [a]), this claim is insufficient to raise a triable issue of fact as to whether the appellants were negligent, and, if so, whether that negligence was a proximate cause of the accident (*see Dileo v Greenstein,* 281 AD2d 586; *Johnson v Phillips,* 261 AD2d 269; *Leal v Wolff,* 224 AD2d 392).

The respondents also contend that the accident occurred when the appellants' vehicles suddenly darted into the lane in front of the bus to pass a double-parked van. This contention is not supported by the deposition testimony of the appellants or of the bus driver. The bus driver's unsworn accident report, submitted by the defendants, did not constitute evidence in admissible form (*see Hegy v Coller,* 262 AD2d 606; *Johnson v Phillips, supra*). Furthermore, the conclusion as to the cause of the accident in an unsworn report by the NYCTA's Office of System Safety should have been disregarded as it was based on the bus driver's self-serving hearsay statements and the description of the accident in the report differed materially from the facts provided by the appellants and the bus driver in their depositions (*see e.g. Hoffman v Eastern Long Is. Transp. Enter.,* 266 AD2d 509; *Szymanski v Robinson,* 234 AD2d 992). Accordingly, the appellants were entitled to summary judgment dismissing the third-party complaints and all cross claims insofar as asserted against them. Santucci, J.P., O'Brien, McGinity and Townes, JJ., concur.