■ JOHN M. VECCHIO, Respondent, v WARREN HILDEBRAND, Appellant, and MEILING C. CHEN, Respondent. [758 NYS2d 666] —In an action to recover damages for personal injuries, the defendant Warren Hildebrand appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County

(O'Donoghue, J.), dated October 25, 2002, as granted that branch of the motion of the defendant Meiling C. Chen which was for summary judgment dismissing the cross claim asserted by him against her, and granted that branch of the plaintiff's cross motion which was for summary judgment against him on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

After the defendant Meiling C. Chen and the plaintiff, respectively, established their prima facie entitlement to judgment as a matter of law, the defendant Warren Hildebrand failed to raise a triable issue of fact. A rear-end collision is sufficient to create a prima facie case of liability with respect to the operator of the offending vehicle and imposes a duty on the operator to explain how the accident occurred (*see Levine v Taylor,* 268 AD2d 566 [2000]; *Gambino v City of New York,* 205 AD2d 583 [1994]). If the operator of the offending vehicle cannot come forward with evidence to rebut the inference of negligence, the drivers of the lead vehicles may properly be awarded judgment as a matter of law. A claim that the drivers suddenly stopped is insufficient to rebut the presumption of negligence (*see Dileo v Greenstein,* 281 AD2d 586 [2001]; *Leal v Wolff,* 224 AD2d 392 [1996]; *Silberman v Surrey Cadillac Limousine Serv.,* 109 AD2d 833 [1985]). Ritter, J.P., Santucci, Feuerstein and Schmidt, JJ., concur.