■ Nisan Niyazov et al., Appellants, v Kathleen M. Bradford, Respondent. [786 NYS2d 582]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Satterfield, J.), entered May 17, 2004, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

A rear-end collision with a stopped vehicle creates a prima facie case of liability against the operator of the moving vehicle and imposes a duty on that operator to provide a non-negligent

explanation for the collision (*see Russ v Investech Sec.,* 6 AD3d 602 [2004]; *McGregor v Manzo,* 295 AD2d 487 [2002]; *McKeough v Rogak,* 288 AD2d 196 [2001]; *Leal v Wolff,* 224 AD2d 392 [1996]).

In support of their motion for summary judgment on the issue of liability, the plaintiffs came forward with evidence that their vehicle was stopped in traffic for 10 to 15 seconds before it was struck in the rear by the defendant's vehicle. In addition, they submitted a police accident report containing the defendant's admission that her foot slipped off the brake pedal, causing the collision (*see Vaden v Rose,* 4 AD3d 468 [2004]; *Kemenyash v McGoey,* 306 AD2d 516 [2003]; *Guevara v Zaharakis,* 303 AD2d 555 [2003]). In opposition, the defendant failed to come forward with any evidence to rebut the plaintiffs' prima facie case. The affirmation of the defendant's attorney was insufficient to raise a triable issue of fact (*see Browne v Castillo,* 288 AD2d 415 [2001]) and the defendant's purported need to conduct discovery did not warrant denial of the motion, since she had personal knowledge of the relevant facts (*see Johnson v Phillips,* 261 AD2d 269 [1999]). Consequently, the Supreme Court should have granted the motion (*see Russ v Investech Sec., supra; McGregor v Manzo, supra; McKeough v Rogak, supra; Leal v Wolff, supra*). S. Miller, J.P., Krausman, Spolzino and Lifson, JJ., concur.