■ MICHAEL STEINMETZ et al., Appellants, v PARRIS L. COLLISON, Defendant, and ELRAC, INC., Respondent. [793 NYS2d 483]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Kings County (Schneier, J.), dated September 12, 2003, which granted the motion of the defendant Elrac, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and (2), as limited by their brief, from so much of an order of the same

court dated February 9, 2004, as, upon renewal and reargument, adhered to the prior determination.

Ordered that the appeal from the order dated September 12, 2003, is dismissed, as that order was superseded by the order dated February 9, 2004, made upon renewal and reargument; and it is further,

Ordered that the order dated February 9, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Elrac, Inc.

The plaintiff Michael Steinmetz allegedly sustained personal injuries when his vehicle struck the rear of a vehicle operated by the defendant Parris Collison in New Jersey. Collison rented the vehicle he was driving from the defendant Elrac, Inc. (hereinafter Elrac). According to a New Jersey Police accident report, Steinmetz stated that he "couldn't stop in time because of the snow." The plaintiffs commenced this action, alleging, inter alia, that Collison was negligent and that Elrac was vicariously liable for his negligence. The Supreme Court dismissed the complaint against Collison for lack of personal jurisdiction.

Elrac moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted Elrac's motion. The plaintiffs thereafter moved for leave to renew and reargue Elrac's motion. The Supreme Court granted the plaintiffs leave to renew and reargue but adhered to its determination dismissing the complaint insofar as asserted against Elrac. We affirm.

Elrac established, prima facie, its entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Elrac demonstrated that its vehicle was stopped when it was struck in the rear because Steinmetz could not stop in time due to the snowy condition of the roadway. The driver of a moving vehicle that strikes another vehicle in the rear has the burden of providing a non-negligent explanation for such a collision (see McGregor v Manzo, 295 AD2d 487 [2002]; Leal v Wolff, 224 AD2d 392, 393 [1996]). The plaintiffs failed to meet this burden. Hence, their opposition was insufficient to raise a triable issue of fact (see Zuckerman v City of New York, supra).

In view of the foregoing, it is unnecessary to consider the parties' remaining contentions. Adams, J.P., Santucci, Goldstein and Crane, JJ., concur.