BEVERLY RAINFORD, Respondent, v SUNG S. HAN et al., Appellants, and VOLKSWAGEN OF AMERICA et al., Respondents. [795 NYS2d 645]—

In an action, inter alia, to recover damages for personal injuries, the defendants Sung S. Han and Kim Chong Gak appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated May 18, 2004, as denied that branch of their cross motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the appellants' cross motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted, and the action against the remaining defendants is severed.

A rear-end collision with a stopped or stopping vehicle creates a prima facie case of liability with respect to the operator of the moving vehicle and imposes a duty on that operator to rebut the inference of negligence to provide a non-negligent explanation for the collision (*see Niyazov v Bradford,* 13 AD3d 501 [2004]; *Russ v Investech Sec.,* 6 AD3d 602 [2004]; *Vecchio v Hildebrand,* 304 AD2d 749, 750 [2003]; *McGregor v Manzo,* 295 AD2d 487 [2002]). In support of their motion for summary judgment, the appellants came forward with evidence establishing that they were traveling in heavy stop-and-go traffic, that the defendant Kim Chong Gak brought their vehicle to a gradual stop, and that after they were at a complete stop, their vehicle was struck in the rear by a vehicle driven by the defendant Neville Rainford. The respondents, in opposition, failed to come forward with sufficient evidence to rebut the inference of negligence and to raise a triable issue of fact (*see Vecchio v Hildebrand, supra*; *McKeough v Rogak,* 288 AD2d 196, 197 [2001]). Neville Rainford's conclusory allegation that the driver of the appellants' vehicle made a sudden stop, standing alone, was insufficient to rebut the presumption of negligence (*see Russ v Investech Sec., supra*; *Vecchio v Hildebrand, supra*; *McGregor v Manzo, supra*; *McKeough v Rogak, supra*; *Geschwind v Hoffman,* 285 AD2d 448, 449 [2001]; *Colon v Cruz,* 277 AD2d 195 [2000]; *Levine v Taylor,* 268 AD2d 566 [2000]; *Leal v Wolff,* 224 AD2d 392, 393-394 [1996]).

Moreover, the motion for summary judgment was not premature. The purported need to conduct discovery did not warrant denial of the motion. The opponents of the motion had personal knowledge of the relevant facts, and the lack of disclosure does

not excuse the failure of two of the parties with personal knowledge to submit affidavits in opposition to the motion (*see Niyazov v Bradford, supra* at 502; *Johnson v Phillips,* 261 AD2d 269, 272 [1999]).

Accordingly, the Supreme Court erred in denying that branch of the appellants' cross motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them (*see Niyazov v Bradford, supra*; *Russ v Investech Sec., supra*; *McGregor v Manzo, supra*; *McKeough v Rogak, supra*; *Leal v Wolff, supra*). H. Miller, J.P., Krausman, Crane and Fisher, JJ., concur.