■ ALAN NEIDEREGER, Appellant, v SALVATORE V. MISURACA, Defendant, and BRUNO ROESSLER, Respondent. (And a Third-Party Action.) [811 NYS2d 758]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Jonas, J.), entered February 11, 2004, which, upon an order of the same court dated February 27, 2003, granting the motion of the defendant Bruno Roessler for summary judgment dismissing the complaint insofar as asserted against him, dismissed the complaint insofar as asserted against him.

Ordered that the judgment is affirmed, with costs.

The defendant Bruno Roessler satisfied his prima facie burden of demonstrating entitlement to judgment as a matter of law and, in opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "A rear-end collision with a stopped or stopping vehicle creates a

prima facie case of liability with respect to the operator of the moving vehicle and imposes a duty on that operator to rebut the inference of negligence to provide a non-negligent explanation for the collision" (*Rainford v Sung S. Han*, 18 AD3d 638, 639 [2005]; *see David v New York City Bd. of Educ.*, 19 AD3d 639 [2005]; *Leal v Wolff*, 224 AD2d 392 [1996]). In the instant case, the vehicle operated by Roessler was stopped or, at a minimum, very close to a complete stop, when it was hit in the rear by a vehicle operated by the defendant Salvatore Misuraca. Misuraca's statement that Roessler's stop "was pretty sudden from what I saw" was insufficient to raise a triable issue of fact (*see Rainford v Sung S. Han, supra; McGregor v Manzo*, 295 AD2d 487 [2002]). Thus, the Supreme Court correctly granted Roessler's motion for summary judgment dismissing the complaint insofar as asserted against him. Schmidt, J.P., Rivera, Skelos and Lifson, JJ., concur.