■ EMIL NORSIC & SON, INC., Respondent, v L.P. TRANSPORTATION, INC., et al., Appellants. [815 NYS2d 736]—

In an action, inter alia, to recover for property damage, the defendants appeal from an order of the Supreme Court, Suffolk County (Oliver, J.), dated August 5, 2005, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

A rear-end collision with a stopped or stopping vehicle creates a prima facie case of liability with respect to the operator of the moving vehicle, and imposes a duty on the operator of the moving vehicle to come forward with an adequate, nonnegligent explanation for the accident (*see Neidereger v Misuraca,* 27 AD3d 537 [2006]; *Garces v Karabelas,* 17 AD3d 633 [2005]; *Niyazov v Bradford,* 13 AD3d 501 [2004]; *Dickie v Pei Xiang Shi,* 304 AD2d 786 [2003]). The plaintiff sustained its burden of establishing a prima facie case of negligence by submitting the affidavit of its truck driver, who averred that he came to a

complete stop behind two other vehicles that had stopped on the highway, and that he had been stopped for approximately one minute when his truck was struck in the rear by the defendants' tractor trailer (*see Niyazov v Bradford, supra; Dickie v Pei Xiang Shi, supra; Bucceri v Frazer*, 297 AD2d 304 [2002]). Furthermore, the defendants' explanation that the plaintiff's truck came to an abrupt stop, standing alone, was insufficient to rebut the presumption of negligence created by the rear-end collision, and raise a triable issue of fact to defeat summary judgment (*see Neidereger v Misuraca, supra; Dickie v Pei Xiang Shi, supra; Irmiyayeva v Thompson*, 296 AD2d 439 [2002]; *Reed v New York City Tr. Auth.*, 299 AD2d 330 [2002]; *Geschwind v Hoffman*, 285 AD2d 448 [2001]; *Leal v Wolff*, 224 AD2d 392 [1996]).

Furthermore, in view of the fact that the defendants had personal knowledge of the relevant facts underlying the accident, their purported need to conduct discovery does not warrant denial of the motion (*see Rainford v Sung S. Han*, 18 AD3d 638 [2005]; *Niyazov v Bradford, supra; Gross v Marc*, 2 AD3d 681 [2003]; *Morissaint v Raemar Corp.*, 271 AD2d 586 [2000]). Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.