■ BRYAN KLOPCHIN et al., Respondents, v YOEL MASRI et al., Appellants. [846 NYS2d 311]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Bunyan, J.), dated January 18, 2006, which granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence against the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Niyazov v Bradford,* 13 AD3d 501 [2004]; *Russ v Investech Sec.,* 6 AD3d 602 [2004]; *Barile v Lazzarini,* 222 AD2d

635 [1995]). "One of several nonnegligent explanations for a rear-end collision is a sudden stop of the lead vehicle" (*Chepel v Meyers,* 306 AD2d 235, 237 [2003]; *see Carhuayano v J&R Hacking,* 28 AD3d 413 [2006]; *Gaeta v Carter,* 6 AD3d 576 [2004]; *Purcell v Axelsen,* 286 AD2d 379 [2001]).

The plaintiffs met their burden by submitting evidence sufficient to establish their prima facie entitlement to judgment as a matter of law on the issue of liability (*see Emil Norsic & Son, Inc. v L.P. Transp., Inc.,* 30 AD3d 368 [2006]; *Neidereger v Misuraca,* 27 AD3d 537 [2006]; *David v New York City Bd. of Educ.,* 19 AD3d 639 [2005]; *Rainford v Sung S. Han,* 18 AD3d 638 [2005]). In opposition, the defendants raised a triable issue of fact. The defendants' assertion that the injured plaintiff made a sudden stop and failed to give proper signals, as required by Vehicle and Traffic Law § 1163, contradicted the injured plaintiff's contention and, if believed, provided a nonnegligent explanation for the rear-end collision (*see Simpson v Eastman,* 300 AD2d 647 [2002]; *Maschka v Newman,* 262 AD2d 615 [1999]; *Artis v Jamaica Buses,* 262 AD2d 511 [1999]). Rivera, J.P., Goldstein, Dillon and Carni, JJ., concur.