**Marek SALUS, Plaintiff,**

v.

**Lauren SIVAN, Defendant.**

**No. 06 Civ. 6025(CM).**

United States District Court, S.D. New York.

Jan. 28, 2008.

Robert Vincent Kaminski, Jr., Robert Kaminski, PLLC, New York, NY, for plaintiff.

Joanne Filiberti, Matthew Charles Baron, Leahey & Johnson, P.C., New York, NY, for defendant.

**MEMORANDUM DECISION GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON LIABILITY**

McMAHON, District Judge.

On April 4, 2006, Marek Salus was driving east on West 47th Street in New York County. As he approached the intersection of West 47th and 10th Avenue, the light turned yellow and he stopped his car. Driving behind him was a car operated by Lauren Sivan. By her own testimony, Ms. Sivan was driving at five miles per hour or less and was one car length behind Salus' car when Salus "suddenly" came to a "sudden stop" at the traffic light. (Sivan EBT at 16:15–23). According to Sivan, there was no other vehicle in front of Salus' car. (Sivan EBT at 14:19–24) Her car collided with the rear of his car, injuring his back.

■ Plaintiff has moved for summary judgment on the issue of liability. Plaintiff's counsel—apparently thinking himself in state court—has not appended to the notice of motion a Statement of Undisputed Material Facts, as required by Local Rule 56 of this court. Defendant's lawyer has complied with the rule. For that reason, all statements of fact contained in defendant's Rule 56.1 Statement are deemed admitted for purposes of this motion (albeit not for trial).

■ As defendant points out, this court could deny the motion simply because plaintiff has not complied with the Local Rule. Nonetheless, plaintiff's motion is granted, because there is simply no issue here to try. Sivan's testimony raises no genuine issue of fact rebutting the presumption of negligence created by her driving into a stopped car. As it says in the Book of Daniel, plaintiff's "own mouth condemneth [her]."

■ A rear-end collision between a stopped and a moving car creates a prima facie case of liability with respect to the operator of the moving vehicle, *Leal v. Wolff*, 224 A.D.2d 392, 638 N.Y.S.2d 110 (2d Dept.1996), which imposes on the operator of the moving vehicle a duty to offer a non-negligent reason for the collision. *Pfaffenbach v. White Plains Exp. Corp.*, 17 N.Y.2d 132, 135, 269 N.Y.S.2d 115, 216 N.E.2d 324 (1966).

In *Leal*—which defendant describes as the "seminal case on the issue of rear-end summary judgments" (See Defendant's Memorandum of Law in opposition to the motion at 7–8) the court concluded that the defendant driver of the rear car was under an obligation to maintain a safe distance between his vehicle and the car in front of him (VTL § 1129[a] ), and that it was negligence as a matter of law to fail to do so. The court further ruled that the defendant driver's s allegation that the car in front of him stopped suddenly was insufficient to raise a genuine issue of fact excusing the failure to maintain a safe distance, citing *Silberman v. Surrey Cadillac Limousine Service, Inc.*, 109 A.D.2d 833, 486 N.Y.S.2d 357 (2d Dept.1985).

*Leal* and *Silberman* are indistinguishable from this case. Sivan's only explanation for why her car hit plaintiff's is that Salus, who was only one car length ahead of her, came to a "sudden stop," which has been ruled to be insufficient as a matter of law. Sivan's citation to VTL § 1111(b) ("Yellow indications") is unavailing. That section of the law, by its literal terms, indicates that a driver approaching an intersection when a light turns yellow "may," not "must," enter the intersection. The statute goes on to state that a driver approaching an intersection when the light turns yellow "is thereby warned that the related green movement is being terminated or that a red indication will be exhibited immediately thereafter." Salus, seeing the light turn yellow, had no obligation to speed through the intersection. His choice to stop at the yellow light, and not chance turning into oncoming traffic, would have been prudent, but for the fact that Sivan was only one car length behind him. By failing to maintain a safe distance between her car and his, Sivan negligently caused the accident.

To the extent that the Second Department stated (in dictum) in *Carter v. Castle Electrical Co.*, 26 A.D.2d 83, 271 N.Y.S.2d 51 (2d Dept.1966) that "a sudden stop of the vehicle ahead" could constitute a "reasonable cause" for an accident, that notion was squarely overruled by the same court in the "seminal" case of *Leal*.

Plaintiff's motion for summary judgment on liability is granted. The trial of this action will be limited to the issue of damages. The parties should come to the final pre-trial conference ready to discuss the

witnesses and exhibits relevant to that issue.