BARBARA LAMPKIN, Appellant, v TIN L. CHAN et al., Respondents. [891 NYS2d 113]—

A rear-end collision with a stopped vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on "that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Klopchin v Masri, 45 AD3d 737, 737 [2007]; see Niyazov v Bradford, 13 AD3d 501, 501-502 [2004]; Russ v Investech Sec., 6 AD3d 602 [2004]). Here, the plaintiff made a prima facie showing of entitlement to summary judgment by submitting evidence that she was stopped in traffic when her vehicle was struck in the rear by the defendants' vehicle, causing her vehicle to collide with the vehicle in front of her (see Piltser v Donna Lee Mgt. Corp., 29 AD3d 973, 974 [2006]; Espinoza v Diaz, 280 AD2d 639 [2001]). In opposition, the defendants failed to come forward with sufficient evidence to rebut the inference of negligence and to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]; Gomez v Sammy's Transp., Inc., 19 AD3d 544 [2005]; Rainford v Sung S. Han, 18 AD3d 638, 639 [2005]). The defendants interposed only an affirmation of their attorney who

lacked knowledge of the facts (*see Gomez v Sammy's Transp., Inc.*, 19 AD3d 544 [2005]). The defendants' claim that the plaintiff made a sudden stop in heavy traffic, standing alone, under the circumstances of this case, was insufficient to rebut the presumption of negligence (*see Lundy v Llatin*, 51 AD3d 877, 877-878 [2008]; *Campbell v City of Yonkers*, 37 AD3d 750, 751 [2007]; *Emil Norsic & Son, Inc. v L.P. Transp., Inc.*, 30 AD3d 368, 368-369 [2006]; *Neidereger v Misuraca*, 27 AD3d 537, 538 [2006]; *Leal v Wolff*, 224 AD2d 392 [1996]).

Furthermore, in view of the fact that the defendants had personal knowledge of the relevant facts underlying the accident, their purported need to conduct discovery did not warrant denial of the motion (*see Emil Norsic & Son, Inc. v L.P. Transp., Inc.*, 30 AD3d at 369; *Rainford v Sung S. Han*, 18 AD3d 638, 639 [2005]; *Niyazov v Bradford*, 13 AD3d at 502).

Accordingly, the plaintiff's motion for summary judgment on the issue of liability should have been granted. Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.