■ PAMELA GOERLICH, Respondent, v FRANK DIANA, Appellant. — In a negligence action to recover damages for personal injuries, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Wager, J.), dated June 7, 1983, as, in granting his motion to dismiss the complaint, did so unless plaintiff appeared for an examination before trial on a set date and unless her (former) attorney paid $200 in costs to defendant's attorney. ¶ Order modified, on the facts, by increasing the amount of costs to be paid by plaintiff's former attorney to $750. As so modified, order affirmed, insofar as appealed from, with costs to defendant. Plaintiff's former attorney's time to pay the $750 is extended until 30 days after service upon him of a copy of the order to be made hereon, with notice of entry. ¶ The conduct of plaintiff's former attorney was such that it warrants an increase in the amount of costs to be paid by him. Bracken, J. P., O'Connor, Brown and Niehoff, JJ., concur.

■ KATHLEEN H. HARPER, Appellant, v PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent. — In an action to compel the defendant to pay over to plaintiff the proceeds of a life insurance policy, plaintiff appeals from an order of the Supreme Court, Orange County (Rubenfeld, J.), dated December 14, 1983, which denied her motion for reargument of a prior motion by the plaintiff for summary judgment, which had been denied, and a cross motion by the defendant for summary judgment dismissing the complaint for failure to state a cause of action, which had been granted. ¶ Appeal dismissed, without costs or disbursements. ¶ An order denying a motion for reargument is not appealable (see *Mader v Mader,* 101 AD2d 881; *Roberts v Connelly,* 35 AD2d 813). Rubin, J. P., Boyers, Lawrence and Eiber, JJ., concur.

■ JOHN V. KOWCHEFSKI et al., Appellants, v JEAN URBANOWICZ, Respondent. — In a negligence action, plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Pantano, J.), dated December 1, 1983, which dismissed the complaint, upon a jury verdict. ¶ Judgment reversed, on the law, and new trial granted, with costs to abide the event. ¶ In this action, involving a "hit in the rear" collision between motor vehicles proceeding in the same direction, it was error for the trial court to charge the "emergency" doctrine. Plaintiff John V. Kowchefski (hereinafter plaintiff) and defendant were proceeding with the flow of moderately heavy traffic at about 15 miles per hour when plaintiff stopped his vehicle. Defendant contended that plaintiff stopped suddenly, that she could not see why plaintiff stopped because his vehicle, a Ford Suburban pickup truck, was bigger than her car, that she was judging her driving by plaintiff's vehicle, and did not see any brake light or anything, and that she tried to avoid plaintiff but could not. Plaintiff, on the other hand, contended that he stopped because the cars in front of him stopped, that he was stopped for about five seconds when his vehicle was hit, that he did not stop short, and that defendant's negligence in the operation of her vehicle caused the accident. While it was a question of fact for the jury whether there was a short stop by plaintiff or whether the defendant was following too closely, or failed to see what was there to be seen, it was error to charge the standard of care applicable in an "emergency situation" since there were no facts presented at the trial upon which a jury could properly find that defendant was responding to an emergency situation (*Demme v Elmer J. Fogerty, Inc.,* 47 AD2d 851). Rubin, J. P., Boyers, Lawrence and Eiber, JJ., concur.