■ ERIK G. MADDEN, Appellant-Respondent, v WILLIAM MULLET et al., Respondents, and STEVEN S. COHEN, Respondent-Appellant. [621 NYS2d 624] —In an action to recover damages for personal injuries, the plaintiff and the defendant Steven S. Cohen separately appeal from an order of the Supreme Court, Nassau County (Brucia, J.), dated March 30,

1993, which granted the motion of the defendants William Mullet and Marlene S. Dembski for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the appeal by Steven S. Cohen is dismissed, as he is not aggrieved by the order *(see,* CPLR 5511); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that William Mullet and Marlene S. Dembski are awarded one bill of costs, payable by the appellant.

The defendant Steven S. Cohen, driving southbound on West Shore Road in Nassau County, entered the northbound lane and attempted to pass vehicles ahead of him in his own (southbound) lane. The defendant Marlene S. Dembski, driving a vehicle owned by the defendant William Mullet, was proceeding in the northbound lane, and applied the brakes forcefully and suddenly to avoid a head-on collision with the Cohen vehicle. Stopping quickly, the Dembski vehicle was struck in the rear by the plaintiff, who sued Dembski, Mullet, and Cohen. The Supreme Court granted the motion by Dembski and Mullet for summary judgment on the ground that Dembski was reacting to an emergency not of her own creation, that the proximal relationships and distances of the vehicles were such that Dembski was not at all to blame, and that it was the plaintiff who may have been following her too closely, in violation of Vehicle and Traffic Law § 1129 (a). We agree *(see, Rivera v New York City Tr. Auth.,* 77 NY2d 322).

As a general rule, in the context of automobile accidents, even an unfortunate choice of action by a driver faced with an emergency situation will be considered a mere error of judgment and not negligence, for which the driver, as a matter of law, will not be held liable *(see, De Carlo v Falco,* 8 NY2d 791; *see also, Hassett v Budget Rent A Car,* 209 AD2d 472; *Wolfson v Darnell,* 15 AD2d 516). Here, even though Dembski was faced with an emergency situation, her course of action was prudent under the circumstances. She was faced with a vehicle bearing down on her, head-on, in her (own) lane. Evidence indicates that there were other vehicles in the other lane, preventing her from swerving left into that lane, and that there was a curb directly to her right, beyond which lay a body of water, preventing her from swerving to the right. Thus, her only prudent course of action in this emergency situation was to apply her brakes as she did. As such, Dembski, as a matter of law, was not negligent, and her motion for summary judgment was properly granted. Rosenblatt, J. P., Miller, Santucci and Florio, JJ., concur.