■ PERIPHERY LOUNGEWEAR, INC., et al., Respondents, v KANTRON ROOFING CORP., Appellant, et al., Defendants. [625 NYS2d 43] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about July 8, 1994, which granted plaintiffs' motion to strike defendant-appellant's answer, unanimously affirmed, with costs.

The IAS Court properly exercised its discretion in striking appellant's answer for failure to comply with the "so ordered" stipulation directing it to produce a witness for deposition. Appellant's claim, made through its attorney, that its bankruptcy and cessation of business operations have left it only with former employees who are no longer under its control, does not excuse its failure to provide details of precisely what efforts were made over a four-year period to locate a witness, its continuing representations that it would produce a witness, and its failure to notify the court of its difficulties in doing so *(see, Furniture Fantasy v Cerrone,* 154 AD2d 506). "Counsel's assertions of good faith efforts to locate appellant do not avail in the absence of details concerning the nature and results of the investigation made into appellant's whereabouts." *(Seamon v Apel,* 191 AD2d 406.) Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Nardelli, JJ.