■ BERNARDO DiPAOLO et al., Respondents, v VINCENT H. BUONO et al., Respondents, and CHARLES E. JAY et al., Appellants. [652 NYS2d 82] —In an action to recover damages for personal injuries, (1) the defendants Rafik Gilani and Noorjehan R. Gilani appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Garry, J.), dated March 15, 1995, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and (2) the defendants Jay Eshbach s/h/a Charles Eshbach Jay and Liquid Transport Corp., separately appeal, as limited by their brief, from so much of the same order as denied their separate motion for the same relief. Justice Florio has been substituted for the late Justice Hart (*see,* 22 NYCRR 670.1 [c]).

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motions are granted, the complaint and the cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiffs brought this action to recover damages for injuries sustained when an automobile in which they were passengers became involved in a five-vehicle collision. The automobile in which the plaintiffs were passengers, owned and driven by the defendant Artardo Santiago, was traveling in the right lane when it struck a backhoe and spun into the center lane where it was struck by a tractor-trailer driven by the appellant Jay Eshbach and owned by his co-appellant Liquid Transport Corp. The Eshbach vehicle was then struck by an

automobile operated by appellant Rafik Gilani and owned by his sister, the co-appellant Noorjehan Gilani. Gilani had stopped his vehicle when he came upon the collision, but was hit from behind by another vehicle and propelled into the Eschbach tractor-trailer.

The Supreme Court erred in denying the appellants' separate motions for summary judgment. "As a general rule, in the context of automobile accidents, even an unfortunate choice of action by a driver faced with an emergency situation will be considered a mere error of judgment and not negligence, for which the driver, as a matter of law, will not be held liable" (*Madden v Mullet*, 211 AD2d 623, 624). Here, the plaintiffs' allegation that the driver of the Gilani vehicle, who stopped suddenly when faced with an emergency, was negligent because he failed to avoid being struck from behind is insufficient to defeat the motion for summary judgment (*see, e.g., Madden v Mullet, supra; Collazo v Lewis*, 210 AD2d 451; *Terwilliger v Dawes*, 204 AD2d 433, 434). Moreover, since it has not been alleged that the tractor-trailer, after being struck by the Gilani vehicle, again struck the vehicle in which the plaintiffs were passengers, there is no factual basis for finding that any negligence on the part of Gilani was the proximate cause of the plaintiffs' injuries.

Nor have the plaintiffs made a sufficient showing to refute the appellant Eshbach's uncontroverted testimony that his collision with their vehicle was inevitable. Although the plaintiffs contend that a material issue of fact was presented as to whether Eshbach's speed was excessive in light of the road conditions, the evidence shows that it was the sudden crossing over of the Santiago vehicle into Eshbach's lane of travel that caused the accident (*see, Moller v Lieber,* 156 AD2d 434, 435). According to Eshbach, the front bumper of his tractor-trailer was close to the rear bumper of the Santiago vehicle when that vehicle struck the backhoe and came spinning into his lane of travel. Thus, there was insufficient time for Eshbach to get out of the way of the Santiago vehicle, notwithstanding that he attempted to avoid the collision by moving into the left lane and applying the brakes (*see, e.g., Mangano v New York City Hous. Auth.,* 218 AD2d 787, 788; *Glick v City of New York,* 191 AD2d 677, 678). Miller, J. P., Altman, Krausman and Florio, JJ., concur.