■ RAFAEL FLORES et al., Appellants, v FRANKLIN M. BUENO, Respondent. (And Another Action.) [668 NYS2d 383] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered June 12, 1997, which denied plaintiffs' motion for summary judgment as to liability against defendant Franklin M. Bueno, unanimously reversed, on the law, without costs, the motion granted, and the matter remanded to Supreme Court for a hearing on the issue of damages. Order, same court and Justice, entered June 17, 1997, which denied plaintiffs' motion and cross motion to strike defendant Bueno's answer, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiffs sustained injury when the automobile in which they were passengers was struck from behind by an automobile owned and operated by defendant Franklin M. Bueno while traveling on the Long Island Expressway Service Road at the Searington Road, North Hills intersection. Following service of defendant's answer and counterclaim against Rafael Flores, the driver of plaintiffs' vehicle, plaintiffs moved for summary judgment on the issue of liability against defendant. Included in the moving papers are their affidavits, an affirmation from their treating physician, the emergency room records, other medical records, an affirmation from their attorney, the police report, photographs, the complaint, answer and an October 29, 1996 preliminary conference order directing defendant Bueno to appear for deposition on December 5, 1996. Defendant did not respond to the motion. In the first order from which plaintiffs appeal, the motion was "granted only to the extent of directing that Franklin M. Bueno be precluded from testifying at trial unless he is produced for deposition at least 60 days before trial."

Plaintiffs then moved to strike defendant's answer, and plaintiff Rafael Flores cross-moved to strike the fourth and fifth affirmative defenses. In opposition, defense counsel submitted an affirmation in which he stated that his office had been making an ongoing attempt to locate defendant and had ascertained that he had moved to Florida. However, letters

sent to defendant's Florida address were returned, stating that he had moved. In the second order from which plaintiffs appeal, the court again granted the motion only to the extent of issuing an identical conditional preclusion order.

As this Court noted in *Asante v Williams* (227 AD2d 123), "Plaintiff's assertion that the car in which he was a passenger was struck from behind by a car owned and operated by defendants established a prima facie case of defendants' negligence, and absent any explanation from defendants for the collision, was sufficient to entitle plaintiff to summary judgment against defendants on the issue of liability" (*see also, Starace v Inner Circle Qonexions*, 198 AD2d 493). The substantial documentation provided by plaintiffs in support of their motion leaves no question that each sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Licari v Elliott*, 57 NY2d 230, 237).

In addition, where, as here, the defendant has disobeyed a discovery order directing him to appear for deposition, defense counsel's efforts to locate his client have been less than diligent and the client is clearly disinterested in defending the action, the court's refusal to strike the answer is an improvident exercise of discretion; nor does the disappearance of the defendant constitute a bar to striking the answer (*see, Besson v Beirne*, 188 AD2d 330; *see also, Periphery Loungewear v Kantron Roofing Corp.*, 214 AD2d 438; *Collins v Hayden on Hudson Condominium*, 197 AD2d 482; *Reitte v Entermy Cab Corp.*, 162 AD2d 259). Concur—Rosenberger, J. P., Wallach, Rubin, Williams and Tom, JJ.