■ LULE MUYE, Appellant, v MUSE D. LIBEN et al., Respondents. [723 NYS2d 510] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Weiner, J.), dated May 14, 1999, which, upon a jury verdict, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is reversed, on the law, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

On the afternoon of March 21, 1995, the defendant Muse D. Liben was operating a vehicle owned by the defendant Michael G. Collins. As Liben was driving downhill on Maple Avenue in the Town of Monsey, he lost control of the vehicle, and crashed into a tree. The plaintiff, Lule Muye, a passenger in the vehicle, was seriously injured in the collision. Liben admitted that the car was traveling at a high rate of speed just before the accident. It is also undisputed that the roadway was wet and slippery from rain at the time of the accident.

Muye contends that the court committed reversible error by giving the jury an emergency doctrine instruction because there is no evidence that Liben lost control of the vehicle due to a sudden and unanticipated emergency. We agree. An emergency instruction may be given where a reasonable view of the evidence presented at trial would support a finding that the party requesting the charge was confronted by a "sudden and unforeseen occurrence" not of his or her own making (*Rivera v New York City Tr. Auth.,* 77 NY2d 322, 327). Here, however, viewing the evidence, as we must, in the light most favorable to the party seeking the charge (*see, Rivera v New York City Tr. Auth., supra,* at 326), there was no proof that Liben lost control of the vehicle because he was either faced with or react-

ing to an emergency situation. To the contrary, the evidence demonstrated that Liben was an inexperienced driver traveling downhill at a high rate of speed on a wet and slippery roadway who lost control of his vehicle. "An emergency instruction should not be given where, as here, the defendant driver should reasonably have anticipated and been prepared to deal with the situation with which [he] was confronted" (*Pincus v Cohen,* 198 AD2d 405, 406; *Caristo v Sanzone,* 96 NY2d 175; *Hardy v Sicuranza,* 133 AD2d 138; *see also, Gage v Raffensperger,* 234 AD2d 751).

Furthermore, the court erred in permitting Collins to present extrinsic evidence to impeach Muye's credibility on a collateral matter unrelated to the issue of whether Liben's negligence caused the accident (*see, Badr v Hogan,* 75 NY2d 629).

Muye's remaining contentions are without merit. Altman, J. P., Krausman, Luciano and Cozier, JJ., concur.