■ DEAN T. WENZ et al., Appellants, v PAUL M. SHAFER et al., Respondents, et al., Defendants. [742 NYS2d 318] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated June 26, 2001, as granted that branch of the motion of the defendant ELRAC, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it and, upon searching the record, granted summary judgment in favor of the defendant Paul M. Shafer dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Dean Wenz was driving south in the left lane of the Sprain Brook Parkway during a heavy rainstorm. As he attempted to move into the center lane to avoid tree branches which had fallen on the road, his vehicle spun out of control. The defendant Paul Shafer, who was operating a vehicle owned by the defendant ELRAC, Inc. (hereinafter ELRAC), was also travelling south in the left lane. As he passed through the tree branches while remaining in the left lane, Shafer came upon the Wenz vehicle and another vehicle spinning out of control.

He moved to the right in an attempt to avoid the two spinning vehicles, but collided head-on with the Wenz vehicle which, at that point, was facing in a northerly direction against traffic. According to Wenz, his vehicle had come to a stop as it came out of the spin and was struck by Shafer's vehicle. Shafer, however, claimed that his vehicle had nearly come to a stop on the shoulder of the road when it was struck by the Wenz vehicle.

Wenz and his wife, asserting a derivative cause of action, subsequently commenced this action against Shafer, ELRAC, and others. Applying the emergency doctrine, the Supreme Court granted summary judgment in favor of Shafer and ELRAC dismissing the complaint insofar as asserted against them.

Contrary to the plaintiffs' contention, the Supreme Court properly applied the emergency doctrine. Shafer was faced with an emergency situation not of his making when he was confronted with the spinning vehicles and he acted reasonably under the circumstances (see Alexiou v Ales, 283 AD2d 380; Pettica v Williams, 223 AD2d 987). While there is an issue of fact as to whether the Wenz vehicle struck the Shafer vehicle or the Shafer vehicle struck the Wenz vehicle, that is not a material issue of fact requiring the denial of summary judgment. Regardless of the specific manner in which the collision occurred, it resulted from the emergency situation, which was not created by Shafer and Shafer's reasonable attempt to avoid the spinning vehicles. Altman, J.P., McGinity, Townes and Crane, JJ., concur.