■ CONNIE DEWAR et al., Respondents, v GEORGE PADILLA et al., Appellants, JAMES P. CASSIDY, Respondent, et al., Defendant. [760 NYS2d 203] —In an action to recover damages for personal injuries, the defendants George Padilla and NY Hotel Motel Trades Council appeal from an order of the Supreme Court, Richmond County (Maltese, J.), dated January 10, 2003, which granted the motion of the defendant James Cassidy for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, and granted the plaintiffs' cross motion for summary judgment against them on the issue of liability.

Ordered that the appeal from so much of the order as granted that branch of the motion which was to dismiss the complaint insofar as asserted against the defendant James Cassidy is dismissed, as the appellants are not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed, with one bill of costs to the respondents appearing separately and filing separate briefs.

A rear-end collision with stopped or stopping vehicles creates a prima facie case of liability against the operator of the rearmost vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for

the collision (*see Reed v New York City Tr. Auth.*, 299 AD2d 330 [2002]; *Argiro v Norfolk Contr. Carrier,* 275 AD2d 384 [2000]). In the present case, the vehicle owned by the defendant NY Hotel Motel Trades Council (hereinafter NY Hotel), and operated by the defendant George Padilla, struck the rear of a stopped vehicle driven by the plaintiff Connie Dewar, in which the plaintiff Mary Pannese was a passenger, causing the Dewar vehicle to be propelled into the rear of the stopped vehicle operated by the defendant James P. Cassidy. In response to the establishment by Dewar, Pannese, and Cassidy of entitlement to judgment as a matter of law, Padilla and NY Hotel failed to raise an issue of fact by providing a reasonable, nonnegligent explanation for the rear-end collision (*see Reed v New York City Tr. Auth., supra*; *Cacace v DiStefano,* 276 AD2d 457 [2000]).

The remaining contentions of Padilla and NY Hotel are without merit. Smith, J.P., H. Miller, Cozier and Rivera, JJ., concur.