■ DAVID VELAZQUEZ et al., Respondents, v DENTON LIMO, INC., et al., Appellants, and ROBERT GRANATA et al., Respondents. [776 NYS2d 874]—

In an action to recover damages for personal injuries, etc., the defendants Denton Limo, Inc., and Esteban Nieves appeal from an order of the Supreme Court, Kings County (Schneier, J.), dated September 26, 2003, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

This action arises from a multiple-vehicle collision in which a taxi owned by the defendant Denton Limo, Inc. (hereinafter Denton), and operated by the defendant Esteban Nieves was struck in the rear by a vehicle owned by the defendant Robert Granata and operated by the defendant Susan Granata (hereinafter the Granata vehicle). The Granata vehicle was struck in the rear by a vehicle operated by the plaintiff David Velazquez. The Supreme Court denied the motion of Denton and Nieves for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. We reverse.

A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the driver of the moving vehicle, requiring the operator of that vehicle to come forward with a non-negligent explanation for the accident (*see Shamah v Richmond County Ambulance Serv.*, 279 AD2d 564, 565 [2001]; *Power v Hupart*, 260 AD2d 458 [1999]; *Leal v Wolff*, 224 AD2d 392, 393 [1996]; *Barile v Lazzarini*, 222 AD2d 635, 636 [1995]). In response to the establishment by Denton and Nieves of entitlement to judgment as a matter of law, Robert Granata and Susan Granata failed to raise a triable issue of fact by providing a reasonable, non-negligent explanation for the rear-end collision (*see Dewar v Padilla*, 305 AD2d 629, 630 [2003]).

Thus, the Supreme Court erred in denying the motion of Denton and Nieves for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Santucci, J.P., Florio, Schmidt and Rivera, JJ., concur.