■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL COLEMAN, Appellant, v WARDEN OF RIKERS ISLAND CORRECTIONAL FACILITY et al., Respondents. [846 NYS2d 576]—Appeal from order, Supreme Court, Bronx County (Martin Marcus, J.), entered December 26, 2006, which, insofar as appealed from, denied the petition for a writ of habeas corpus, unanimously dismissed as moot, without costs.

The appeal is moot in light of petitioner's release to parole supervision (*see People ex rel. Burns v Mellas*, 8 NY3d 857 [2007]; *People ex rel. McGann v Ross*, 91 NY2d 865 [1997]). Concur—Marlow, J.P., Nardelli, Williams and McGuire, JJ.

■ DAVID SOSA, Appellant, v ARSHAD REHMAT, Respondent. [847 NYS2d 186]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered October 26, 2006, which, in an action for personal injuries arising out of a rear-end automobile collision, insofar as appealed from, denied plaintiff's motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, without costs, the motion granted as to fault only, and the matter remanded for further proceedings, including the completion of disclosure as to serious injury and damages.

In opposition to the motion, defendant asserted that he was driving his vehicle within the speed limit, maintaining a 15-foot distance between his vehicle and plaintiff's in traffic that was "moving well," when plaintiff's vehicle suddenly stopped without warning. Absent any indication from defendant about his speed, the only permissible inference is that 15 feet was not a safe distance in traffic that was "moving well" (*see* Vehicle and Traffic Law § 1129 [a]; *Johnson v Phillips*, 261 AD2d 269, 271 [1999]). Defendant's assertion that plaintiff suddenly stopped because plaintiff was tailgating a vehicle in front of him is speculation. Concur—Marlow, J.P., Nardelli, Williams and McGuire, JJ.