Kane, J. Appeal from an order of the Supreme Court (Kramer, J.), entered November 16, 2006 in Schenectady County, which granted plaintiff's motion for partial summary judgment on the issue of liability.

The parties are sisters who were traveling through Virginia on their way home from a family vacation. Defendant was driving plaintiff's van, with plaintiff sitting in the back. While defendant was attempting to execute a left-hand turn at an intersection controlled by a traffic light, another vehicle traveling straight in the opposite direction collided with plaintiff's van. Plaintiff suffered injuries, leading her to commence this negligence action against defendant. Following the close of discovery, Supreme Court granted plaintiff's motion for partial summary judgment on the issue of liability. Defendant appeals.

Because plaintiff established her entitlement to partial summary judgment on the issue of liability, we affirm. Defendant pleaded guilty to failure to yield the right-of-way in connection with this accident. This guilty plea, as an admission that she committed the act charged, constituted some evidence of negligence (see Ando v Woodberry, 8 NY2d 165, 168-169 [1960]; McGraw v Ranieri, 202 AD2d 725, 726 [1994]). A defendant is generally given an opportunity to explain the circumstances surrounding a guilty plea to a traffic infraction, such as the convenience of entering a plea rather than traveling to Virginia to contest the ticket, but defendant failed to offer any explanation for her plea in response to plaintiff's motion (see Ando v Woodberry, 8 NY2d at 170-171; McGraw v Ranieri, 202 AD2d at 727).

At her deposition, defendant testified that she never saw the other vehicle before it hit the passenger side of her vehicle, and she could not remember what color the light was at the time she passed under it. Upon refreshing her recollection, she testified that she remembered the light being green. Defendant's statement to an insurance company representative indicated that she had a turn arrow, but the statement does not affirmatively assert that the turn arrow was green when she initi-

ated her left-hand turn across oncoming traffic—so as to provide her the right-of-way—as opposed to the light for through traffic being green. Given these facts concerning defendant's liability, partial summary judgment was appropriate (*see McGraw v Ranieri*, 202 AD2d at 727; *compare Khaitov v Minevich*, 277 AD2d 805, 806-807 [2000]; *Silvestro v Wartella*, 224 AD2d 799, 799 [1996]).

Defendant's arguments concerning the other driver's fault are not supported by any evidence in this record (*see McGraw v Ranieri*, 202 AD2d at 727-728). While the police accident report submitted on the motion contained inadmissible hearsay and conclusions (*see Murray v Donlan*, 77 AD2d 337, 345-346 [1980], *appeal dismissed* 52 NY2d 1071 [1981]; *Toll v State of New York*, 32 AD2d 47, 49-50 [1969]), inclusion of that document was harmless because all material information in the report is contained elsewhere in the record.

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.