**Michael KRYNSKI, Plaintiff,**

v.

**Thomas H. CHASE, Jr., and Western Express, Inc., Defendants.**

**No. 06–CV–4766 (RRM)(JMA).**

United States District Court,
E.D. New York.

Sept. 30, 2009.

Michael Flomenhaft, Michael Flomenhaft, Esq., Adrienne Deluca, Jacoby & Meyers, New York, NY, for Plaintiff.

Keith A. Raven, Ryan Emerson Dempsey, Raven & Kolbe, LLP, New York, NY, Joseph Fried, Fried Rogers Goldberg, LLC, Atlanta, GA, for Defendants.

### MEMORANDUM & ORDER

MAUSKOPF, District Judge.

Plaintiff Michael Krynski, a Brooklyn, New York resident, brings this personal injury lawsuit arising from a February 26, 2005 automobile accident. Krynski claims that the alleged negligence of Defendants Thomas H. Chase, Jr., a Maryland resident, and Western Express, Inc., a Tennessee corporation, caused Krynski serious personal injuries and economic loss.

Krynski initially filed suit in New York State Supreme Court, Kings County on August 1, 2006. Thereafter, on August 29,

2006, Defendants, pursuant to 28 U.S.C. § 1441(a)-(b) and this Court's 28 U.S.C. § 1332(a) diversity jurisdiction, removed the action to this Court. Krynski now seeks partial summary judgment on the issue of Defendants' liability, pursuant to Fed.R.Civ.P. 56(d)(2). The Court has thoroughly considered the parties' submissions and finds that there are no genuine issues of material fact as to whether Defendants were liable; Krynski's motion for partial summary judgment is therefore GRANTED.

## I.

## BACKGROUND

It is undisputed that on February 26, 2005, Chase's 18–wheeled Freightliner tractor-trailer struck the rear of Krynski's Pontiac minivan. At the time of the accident, both Chase and Krynski were proceeding southbound on the Bruckner Expressway in the Bronx, New York. All parties agree that the accident occurred mid-day on a clear day; that the roadway was both dry and level; and that, at the time of the accident, Chase was acting within the scope of his employment with Western Express, the corporate owners of Chase's truck. It is also undisputed that at the accident scene, Chase was ticketed by a New York City police officer for following Krynski's vehicle too closely, a violation of New York Vehicle and Traffic Law § 1129(a).

As is common in automobile negligence cases, Krynski and Chase's characterizations of the February 26, 2009 accident vary. It is Krynski's position that his vehicle was struck from behind while he was proceeding at highway speed, approximately 50 mph, and that traffic conditions were light-to-moderate. Krynski estimated Chase's speed at approximately 75 mph.

In contrast, Chase denies that the vehicles were at speed. Instead, Chase claims that traffic conditions were bumper-to-bumper, and that he struck Krynski at less than 5 mph while attempting to decelerate. According to Chase, he had been following Krynski in the left lane of the highway for some time before the collision, and heavy traffic conditions had persisted for approximately an hour before the accident. During the bulk of that time, Chase claims to have been traveling at no more than 15 to 20 miles per hour. Immediately prior to the accident, Chase claims to have been distracted by another vehicle in the middle lane, which he states "had its left turn signal on and was speeding up and slowing down." Chase claims that his attention was momentarily diverted by the actions of that third vehicle, which he believed was trying to enter the left lane between Chase's truck and Krynski's Pontiac. A few seconds later, Chase realized that ahead of him Krynski had come to a complete stop. It is Chase's deposition testimony that at that moment he was approximately one car-length behind Krynski, traveling at ten to fifteen miles per hour. Upon seeing Krynski at a full stop directly ahead, Chase braked but was unable to stop. At the time of impact, Chase claims that he was decelerating, and that when he actually struck Krynski, he had slowed to less than 5 miles per hour.

After the accident, a police officer at the scene issued Chase a traffic citation for driving too closely behind Krynski's vehicle. Chase's admission to the police officer that he was "too close" to Krynski's vehicle is allegedly recorded in the accident report, which is annexed as part of the summary judgment record.[1] Chase did not

---

1. Although Chase's alleged verbal on-scene admission it is not considered by this Court

on summary judgment, as Chase's deposition testimony does not indicate that he ever made

contest the traffic citation, but rather paid the $100 fine.

## II.

## STANDARD OF REVIEW

The court may grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Even if the parties dispute material facts, summary judgment will be granted unless the dispute is "genuine." *Id.* at 249, 106 S.Ct. 2505. "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.* at 252, 106 S.Ct. 2505. Throughout this inquiry, the court must view the evidence in the light most favorable to the non-moving party and must draw all reasonable inferences in favor of that party. *See Hanson v. McCaw Cellular Commc'ns, Inc.,* 77 F.3d 663, 667 (2d Cir.1996).

■ Although "summary judgment is highly unusual in a negligence action, where the assessment of reasonableness generally is a factual question to be addressed by the jury, *King v. Crossland Sav. Bank,* 111 F.3d 251, 259 (2d Cir.1997), " 'the mere fact that a case involves a claim of negligence does not preclude a granting of summary judgment.' " *Maizous v. Garraffa,* 2002 WL 1471556, at *3 (E.D.N.Y. Apr. 30, 2002) (quoting *Cummiskey v. Chandris, S.A.,* 719 F.Supp. 1183, 1186 (S.D.N.Y.1989)).

## DISCUSSION

### *Chase's Liability*

■ To avoid summary judgment, Chase highlights the discrepancy between his version of events and Krynski's. Chase argues that because there are two starkly contrasting versions of the accident, there is necessarily a triable issue of material fact. This Court disagrees. The fact that opposing parties assert competing versions of the same event is not in itself sufficient to preclude summary judgment. *See Berk v. St. Vincent's Hosp. & Med. Ctr.,* 380 F.Supp.2d 334, 346 n. 19 (S.D.N.Y.2005). Contradictory testimony establishes a "genuine" issue for trial only where the conflicting testimony, if credited, would lead to a different legal outcome. *Id.* In this case, the Court finds nothing outcome determinative in adopting Chase's version over Krynski's, or *vice-versa;* as discussed below, under either theory Chase's liability is inescapable. *See id.; Jacino v. Sugerman,* 10 A.D.3d 593, 595, 781 N.Y.S.2d 663 (2d Dep't 2004) (finding no triable issue of fact in auto accident negligence action where under either party's view, defendant's negligence was established as a matter of law).

### A. *Presumption of Negligence in Cases Involving Slowing or Stopped Vehicles*

■ "Under New York law, a rear-end collision establishes a prima facie case of liability against the rear vehicle and imposes a duty of explanation on the operator of that vehicle." *See Hong v. Maher,* No. 02–CV–7825, 2004 WL 771127, at *2 (S.D.N.Y. Apr. 13, 2004) (citing *Sekuler v. Limnos Taxi, Inc.,* 264 A.D.2d 389, 389, 694 N.Y.S.2d 100 (2d Dep't 1999)); *Itingen v. Weinstein,* 260 A.D.2d 440, 441, 688

such statement to the officer. The Court therefore construes this fact as disputed.

N.Y.S.2d 582 (2d Dep't 1999); *Inzano v. Brucculeri,* 257 A.D.2d 605, 605, 684 N.Y.S.2d 260 (2d Dep't 1999); *Barba v. Best Sec. Corp.,* 235 A.D.2d 381, 381, 652 N.Y.S.2d 71 (2d Dep't 1997).[2] That presumption arises from both common law principles and New York's Vehicle and Traffic Law, both of which establish that any driver approaching another automobile from the rear "is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle." *Hong,* 02–CV–7825, 2004 WL 771127 at *2 (citations omitted); N.Y. Veh. & Traf. Law § 1129(a);[3] *see also Chepel v. Meyers,* 306 A.D.2d 235, 236, 762 N.Y.S.2d 95 (2d Dep't 2003); *Power v. Hupart,* 260 A.D.2d 458, 688 N.Y.S.2d 194 (2d Dep't 1999). Accordingly, "[t]he operator of the moving vehicle is required to rebut the inference of negligence created by an unexplained rear-end collision." *Lopez v. Minot,* 258 A.D.2d 564, 564, 685 N.Y.S.2d 469 (2d Dep't 1999) (internal citations omitted). "If the operator cannot come forward with any evidence to rebut the inference of negligence, the plaintiff may properly be awarded judgment as a matter of law." *Barile v. Lazzarini,* 222 A.D.2d 635, 636, 635 N.Y.S.2d 694 (2d Dep't 1995) (internal citations omitted).

■ The presumption applies here, where Chase admits that in the midst of bumper to bumper traffic, he struck Krynski's stationary vehicle. While the pre-

sumption of negligence is not limited to rear-end collisions with slowing or stationary vehicles, it applies with particular force in these instances, see, 8B N.Y. Jur.2d *Automobiles and Other Veh.* § 1214 (2009), *Collision between moving and parked or standing vehicle,* as motorists in heavy traffic must anticipate stopping or slowing by motorists ahead. *Harrington v. Kern,* 52 A.D.3d 473, 473, 859 N.Y.S.2d 480 (2d Dep't 2008); *Argiro v. Norfolk Contract Carrier, Inc.,* 275 A.D.2d 384, 385, 712 N.Y.S.2d 599 (2d Dep't 2000); *Guzman v. Schiavone Const., Co.,* 4 A.D.3d 150, 150, 772 N.Y.S.2d 25 (1st Dep't 2004); *Leal v. Wolff,* 224 A.D.2d 392, 393, 638 N.Y.S.2d 110 (2d Dep't 1996). A defendant can overcome the presumption of negligence by providing a non-negligent explanation for the collision. *See Mangual v. Pleas,* No. 02 Civ. 8311, 2004 WL 736817, at *4 (S.D.N.Y. Apr. 6, 2004). "Such a non-negligent explanation may include mechanical failure, unavoidable skidding on wet pavement, a sudden stop of the vehicle ahead, or any other reasonable cause." *Altman v. Bayliss,* No. 95–CV–0734E, 1999 WL 782338, at *2 (W.D.N.Y. Sept. 30, 1999) (citing *Power v. Hupart,* 260 A.D.2d 458, 688 N.Y.S.2d 194, 195 (1999)). No such showing is made here. Crediting Chase's testimony, this Court can discern no non-negligent explanation for that collision. The Court now addresses Chase's disputed issues of fact and finds

**2.** As the Court in *Hong* held, "[a] federal court sitting in diversity applies the law of the forum state and, in tort actions, New York courts generally apply the law of the jurisdiction where the tort occurred." 2004 WL 771127 at *2 n. 1 (citing *Maizous,* 2002 WL 1471556, at *3 n. 2; *Velez v. Sebco Laundry,* 00 Civ. 5027, 2001 WL 43609, at *2 (S.D.N.Y. Jan. 18, 2001); *Franklin v. Krueger Int'l, Inc.,* 96 Civ. 2408, 1997 WL 691424, at *3 n. 1 (S.D.N.Y. Nov. 5, 1997)). Accordingly, New York's auto accident law properly governs

consideration of this New York-centered personal injury matter.

**3.** New York Vehicle & Traffic Law § 1129(a), states as follows:

The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

none sufficiently material to preclude summary judgment.

### 1. *Contributory Negligence*

■ Chase claims that summary judgment must be precluded as there is a disputed fact on whether or not Krynski properly signaled so as to avoid a collision. This claim borders on the frivolous. Beyond rank speculation, there is nothing in the record to suggest that Krynski's stop, if there was a stop, was abrupt, sudden, or otherwise unreasonable. *See Mascitti v. Greene,* 250 A.D.2d 821, 822, 673 N.Y.S.2d 206 (2d Dep't 1998); *Bando–Twomey v. Richheimer,* 229 A.D.2d 554, 555, 646 N.Y.S.2d 155 (2d Dep't 1996). To the contrary, Chase describes stop and go traffic conditions that persisted for more than an hour. During that time Chase claimed that his speed never exceeded 10 to 15 mph. Accordingly, Chase should have been aware that, because there was heavy traffic, cars were liable to slow or make frequent stops. *See Brown v. Brenes,* No. 99–CV–4922, 2001 WL 262683, at *3 (S.D.N.Y.2001). That he diverted his eyes from the road only to find that Krynski had stopped does nothing to suggest Krynski's liability, and therefore fails to raise any material issue of fact. *Diller v. City of New York Police Dep't,* 269 A.D.2d 143, 144, 701 N.Y.S.2d 432 (1st Dep't 2000); *Johnson v. Phillips,* 261 A.D.2d 269, 271, 690 N.Y.S.2d 545 (1st Dep't 1999).

### 2. *Traffic Conditions*

■ Chase attempts to create a disputed issue of fact by highlighting that the parties' testified differently as to the speed of the traffic and of the collision.[4] In noting that speed is a disputed issue, Chase does not suggest that high speed led to circumstances beyond his control, nor can he, as it is his firm testimony that the accident was merely a low-speed fender tap. Accordingly, other than merely pointing out the obvious fact that the parties' perceptions of the accident differ, Chase fails to set forth any facts from which the speed of the accident might create a material jury question affecting his liability. In other words, Chase's attempt to create an issue of fact is unavailing because he fails to explain why the speed of the crash is material. Even if this Court were to discredit Chase's own unequivocal testimony to find that the accident occurred at 50 to 75 mph, as Krynski alleges, Chase does not indicate how that fact might affect the outcome for summary judgment purposes. Negligence as a matter of law is not a bright-line rule and it certainly is not precluded merely because a defendant moves faster than 10 mph. Regardless of whether traffic was inching or breezing, speed alone does not absolve Chase of his obligation to maintain a safe distance under New York's Vehicle and Traffic law, which applies regardless of *speed* or traffic conditions. N.Y. Veh. & Traff. Law § 1129(a); *see Sosa v. Rehmat,* 46 A.D.3d 306, 306, 847 N.Y.S.2d 186 (1st Dep't 2007) (that traffic was "moving well" did not preclude summary judgment against defendant for striking plaintiff in rear-end collision). Chase therefore fails to show what relevance, if any, that speed

---

**4.** Chase's speed-based argument is two-fold: as a superficial matter, Chase simply argues that where the parties' accounts differ as to the speed of the collision, there is necessarily a genuine issue of fact that precludes summary judgment. On that point, this Court disagrees for the reasons set forth above. Alternatively, Chase argues that New York's presumption of negligence does not apply to accidents occurring at speed, and that without that presumption summary judgment cannot be granted. Here too, Chase is incorrect; however, this latter argument is addressed more fully in section "B" of the Court's decision.

might have on the ultimate question of liability in this context.

### 3. *Location of Accident*

■ Chase further claims: "[t]here exists a genuine issue of material fact regarding which lane of travel the respective vehicles were traveling in at the time of the accident, thereby warranting denial of the instant motion." It is not clear why Chase should avoid summary judgment merely because the parties dispute whether the accident occurred in the right lane, left lane, or the middle lane. The undisputed fact is that Chase and Krynski were traveling one behind the other in the same lane, and that Chase overtook Krynski's vehicle, was unable to stop, and crashed. Accordingly, Chase has failed to articulate any theory as to why a dispute over the precise location of the accident is so material as to warrant denial of summary judgment.

### 4. *Emergency Circumstances*

■ Apart from merely highlighting factual discrepancies, Chase's only purported negligence defense is that a potential lane-change by an unidentified third-party vehicle presented a sudden emergency. Under the circumstances presented here, the emergency doctrine defense is unavailing and does not raise a triable issue of fact.

■ The emergency doctrine "recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration . . . the actor may not be negligent if the actions taken are reasonable and prudent." *Rivera v.*

*New York City Transit Auth.*, 77 N.Y.2d 322, 567 N.Y.S.2d 629, 569 N.E.2d 432, 434 (1991). But, this doctrine "applies only to circumstances where an actor is confronted by a sudden and unforeseen occurrence not of the actor's own making." *Jacobellis v. New York State Thruway Auth.*, 51 A.D.3d 976, 858 N.Y.S.2d 786, 787 (2008). It does not apply to situations where, as here, "the defendant driver should reasonably have anticipated and been prepared to deal with the situation with which [he] was confronted." *Muye v. Liben*, 282 A.D.2d 661, 723 N.Y.S.2d 510, 511 (2001) (inside quotations omitted) (quoting *Pincus v. Cohen*, 198 A.D.2d 405, 604 N.Y.S.2d 139, 140 (1993)). The circumstances here do not warrant the application of the emergency doctrine.

Chase argues that he was unduly distracted by the movements of a third vehicle. Chase admits that while observing that third vehicle, which he believed might cross into his lane, he took his eyes off the road. When, a few seconds later, he returned his attention ahead, the collision with Krynski's Pontiac was unavoidable. The distraction, he claims, if demonstrable at trial, is sufficient to absolve him of negligence liability and must therefore preclude summary judgment on the issue of liability. This Court is not persuaded. The possibility that a car in an adjacent lane would try to enter Chase's lane is not a sufficiently unforeseeable or unexpected event as to warrant invocation of the emergency doctrine.[5] *See Goldstein v. United States*, 9 F.Supp.2d 175, 187 (E.D.N.Y. 1998) (finding that the emergency doctrine does not apply where a defendant was aware that an adjacent vehicle was at-

---

**5.** Similarly, the fact that Krynski stopped, while in bumper-to-bumper traffic, is also not unexpected. *See Kowchefski v. Urbanowicz*, 102 A.D.2d 863, 863, 477 N.Y.S.2d 47 (2d Dep't 1984) (holding sudden stop by vehicles navigating heavy traffic may, in certain circumstances, raise jury questions as to the forward driver's contributory negligence, but do not implicate the emergency doctrine).

tempting to enter the roadway and defendant had sufficient time to flash his lights and sound his horn before the vehicle entered onto the roadway); *cf. Wenz v. Shafer*, 293 A.D.2d 742, 742 N.Y.S.2d 318, 319 (2002) (finding spinning vehicles created an emergency situation); *Vatter v. Gibson*, 228 A.D.2d 581, 644 N.Y.S.2d 545 (1996) (finding a vehicle traveling in the opposite direction on a roadway is an unexpected situation, warranting the application of the emergency doctrine); *Madden v. Mullet*, 211 A.D.2d 623, 621 N.Y.S.2d 624, 625 (1995) (finding emergency doctrine applied when defendant braked suddenly to avoid a head-on collision with an oncoming vehicle traveling in the wrong direction). That another vehicle might attempt to change lanes is, as Krynski points out, "an entirely commonplace occurrence," one to be anticipated and dealt with safely by a professional driver. Furthermore, the emergency doctrine is inapplicable because Chase himself created the emergency situation by failing to maintain a safe distance from Krynski's vehicle and by failing to be aware of the stoppage of vehicles as a result of the traffic conditions. *See Pappas v. Opitz*, 262 A.D.2d 471, 471, 692 N.Y.S.2d 127 (2d Dep't 1999); *Salus v. Sivan*, 534 F.Supp.2d 430, 431 (S.D.N.Y.2008) (finding that the driver, who was only one car length behind the vehicle it was following, failed to maintain a safe distance and negligently caused the accident between the two vehicles). Thus, the emergency doctrine does not relieve Chase of liability here.

Finally, Chase was ticketed for driving too closely to Krynski, a charge to which he voluntarily pled guilty by paying the $100 fine without objection; an action for which he provides no explanation. In *Lohraseb v. Miranda*, 46 A.D.3d 1266, 1266–1267, 848 N.Y.S.2d 440 (3d Dep't 2007), summary judgment was granted to plaintiff in part because the defendant's guilty plea was left unexplained, as here. The Court stated:

> Defendant pleaded guilty to failure to yield the right-of-way in connection with this accident. This guilty plea, as an admission that she committed the act charged, constituted some evidence of negligence (citations omitted). A defendant is generally given the opportunity to explain the circumstances surrounding a guilty plea to a traffic infraction, such as the convenience of entering a plea rather than traveling [out-of-state] to contest the ticket, but defendant failed to offer any explanation for her plea in response to plaintiff's motion. *Id.* (citations omitted).

As Plaintiff here properly notes, "[i]t is incumbent upon a defendant who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real and are capable of being established upon a trial." *Di Sabato v. Soffes*, 9 A.D.2d 297, 301, 193 N.Y.S.2d 184 (1st Dep't 1959); *see also Fid. Fund. of Cal., Inc. v. Reinhold*, 79 F.Supp.2d 110, 132 (E.D.N.Y.1997) (same). In this case, Chase has been provided a full and fair opportunity to explain his decision to plead guilty so as to create a triable jury question. He has not done so.[6]

---

**6.** While Chase's decision to plead guilty and pay the New York traffic fine may be attributable to convenience (as he is an out-of-state resident), it is not for this Court to speculate as to his motives or to otherwise provide Chase with possible defenses to adverse summary judgment. In any event, for the reasons set forth herein, liability in this case is amply supported on other independent bases, and does not turn exclusively upon inferences drawn from the fact of Chase's guilty plea. All available and undisputed evidence thus suggests Chase's negligence liability.

For all the reasons above, Chase fails to effectively rebut the presumption of negligence, and summary judgment is warranted.

### B. Presumption of Negligence in Cases Involving Moving Vehicles

Chase's sworn deposition testimony reflects his recollection that Krynski had come to a complete stop, and that the resulting rear-end collision occurred at a speed less than 5 mph. However, to highlight a purportedly material dispute of fact, and thereby avoid summary judgment, Chase would have this Court eschew that prior testimony in favor of Krynski's contrary description of a high-speed accident. To do so, Chase argues, would remove the presumption of defendant's negligence that generally applies to accidents involving slowing or stopped vehicles. *See, e.g., Dewar v. Padilla,* 305 A.D.2d 629, 760 N.Y.S.2d 203, 203 (2003) (recognizing the well-established view that a rear-end collision with stopped or stopping vehicles is *prima facie* evidence of negligence by the operator of the rearmost vehicle), and thereby render speed and negligence jury questions upon which summary judgment must be denied. In sum, Chase suggests that, in this case, the facts most favorable to him, as the non-movant, are to be gleaned not from his testimony, but from that of his adversary. Thus, to view the facts in the most favorable light would require this Court to alternatively credit his testimony where beneficial and discount it where harmful. As a threshold matter this Court cannot agree with Chase's hybrid approach to summary judgment, an approach Courts have soundly rejected. *See Berk,* 380 F.Supp.2d at 345–46 (S.D.N.Y.2005) (citing *Evans v. Stephens,* 407 F.3d 1272, 1278 (11th Cir.2005) (*en banc*)).[7] Notwithstanding Chase's desire to create triable issues of fact by alternating between competing versions, the resulting morass can be avoided here, as Chase's negligence is well-established under any view of the facts, even those put forth by Krynski.

Chase's claim that a presumption of negligence applies only in cases where the

---

**7.** In *Berk,* the Court rejected the non-movant's proposed hybrid approach, and instead credited his prior sworn testimony for summary judgment purposes, stating, in relevant part: "The Court will also credit Berk's [the non-movant's] own sworn deposition testimony setting forth his version of events to determine whether summary judgment would be appropriate. The Court finds pertinent support for this approach in a recent case from the Eleventh Circuit [*Evans v. Stephens, supra*]. Confronted with a similar effort by a nonmoving party to manipulate the factual record for purposes of avoiding summary judgment, the Court rejected the "pick and choose" standard...." *Berk,* 380 F.Supp.2d at 346. Meanwhile, in *Evans,* the Eleventh Circuit held:

> [W]e accept the nonmovant's version of the events when reviewing a decision on summary judgment. When the nonmovant has testified to events, *we do not* (as urged by Plaintiffs' counsel) *pick and choose from other witnesses' essentially incompatible accounts (in effect, declining to credit some of*

the nonmovant's own testimony) and then string together those portions of the record to form the story that we deem most helpful to the nonmovant. Instead, when conflicts arise between the facts evidenced by the parties, we credit the nonmoving party's version. Our duty to read the record in the nonmovant's favor stops short of not crediting the nonmovant's testimony in whole or part: the courts owe a nonmovant no duty to disbelieve his sworn testimony which he chooses to submit for use in the case to be decided.

*Evans,* 407 F.3d at 1278 (emphasis added, footnote omitted). Accordingly, this Court need only consider Chase's version of the accident for summary judgment purposes, notwithstanding the fact that it conflicts with his adversary's account. On the basis of Chase's testimony, liability is clear and the Court need not address liability under Krynski's view of the facts. Nonetheless, for the sake of convenience and completeness only, Chase's liability under Krynski's view is addressed in the alternative.

forward vehicle is stopped or stopping—not where both vehicles are in motion, as here—is without support and stems from a fundamental misunderstanding of the law. In cases dating back more than fifty years, New York courts have applied the presumption to circumstances involving moving vehicles, *see, e.g., Cassidy v. Waage,* 196 N.Y.S.2d 22, 23 (Sup.Ct., Kings County 1959); *Rose v. Modern Const. Co.,* 120 N.Y.S.2d 304, 306 (County Ct., Schenectady County 1953), a presumption that has carried consistently into more recent times, see *Nat'l Interstate v. A.J. Murphy Co., Inc.,* 9 A.D.3d 714, 715, 780 N.Y.S.2d 430 (3d Dep't 2004); *Pellicano v. Lee,* 89 A.D.2d 995, 997, 454 N.Y.S.2d 324 (2d Dep't 1982); *see also Mangual,* 2004 WL 736817, at *3. Each of these cases addressed the application of the negligence presumption in circumstances squarely involving rear-end collisions at speed.

■ Although, logically, the majority of rear-end collisions involve the slowing or stopping of the forward vehicle, speed is not the controlling issue. Regardless of whether the forward vehicle is stopped, slowing or proceeding apace, drivers following behind have a statutory duty to maintain a safe distance between their vehicles and vehicles in front of them, a duty that adheres regardless of the speed of traffic. N.Y. Veh. & Traf. Law § 1129(a); *see Rebecchi v. Whitmore,* 172 A.D.2d 600, 602, 568 N.Y.S.2d 423 (2d Dep't 1991) (finding negligence liability and disregarding as irrelevant fact question of whether or not plaintiff was stopped or still in motion).

Finally, even were it not obvious that a moving vehicle is typically not struck from behind on an open roadway in the absence of negligence, the presumed, rebuttable application of *res ipsa loquitur* in such cases is made clear by reference to New York Jurisprudence 2d: Automobiles and Other Vehicles— § 1215 of which is entitled: *"Res Ipsa Loquitur*—Moving vehicles struck by following vehicle." 8A N.Y. Jur. *Autos. and Other Vehs.* § 1215; *see also* 8 Am.Jur. *Autos* § 842, "Collision with vehicle moving normally" (citing *Rose, supra*); *contrast with* 8B N.Y. Jur.2d *Autos and Other Vehs.* § 1214 (2009), *Collision between moving and parked or standing vehicle;* 8 Am.Jur. § 839, *Collision with stopped vehicle.* Myriad, cases cited in New York Jurisprudence § 1215 stand for the general proposition, stated above, that defendants in rear-end collision actions have a duty to provide a non-negligent explanation for striking plaintiff drivers, and that in the absence of a non-negligent explanation negligence is presumed. *See, e.g., Flores v. Bueno,* 246 A.D.2d 466, 467, 668 N.Y.S.2d 383 (1st Dep't 1998); *Asante v. Williams,* 227 A.D.2d 123, 641 N.Y.S.2d 317 (1st Dep't 1996); *Starace v. Inner Circle Qonexions, Inc.,* 198 A.D.2d 493, 604 N.Y.S.2d 179 (2d Dep't 1993). Although these cases are generally devoid of great factual detail, including the actual speed of the vehicles involved, the lack of any reference to speed—together with their obvious inclusion in a chapter expressly addressing "vehicle[s] moving normally," i.e., at speed—leads to the conclusion that application of New York's negligence presumption is not made contingent upon the speed of the victim vehicle or otherwise limited to cases involving sudden slowdowns or stops. Accordingly, New York cases clearly hold that even if Krynski's vehicle was moving at the time of the collision, as Krynski asserts, Chase is nonetheless saddled with a presumption of negligence.

### Western Express' Liability

■ Western Express is liable for damages resulting from Chase's negligence pursuant to New York Vehicle and Traffic Law § 388 and *respondeat superi-*

*or.* According to § 388, both the owner and operator of a vehicle are liable for injuries resulting from the negligence of the operator when the operator has the owner's permission to operate the vehicle. N.Y. Veh. & Traf. Law § 388(1). Furthermore, "[a]n employer is vicariously liable under the doctrine of *respondeat superior* for injuries resulting from the negligence of employees acting within the scope of their employment." *McDuffie v. Wilner,* 415 F.Supp.2d 412, 419 (S.D.N.Y.2006) (finding the employer negligent if employee who caused the vehicle collision negligent). Here, Western Express owned the tractor-trailer that Chase was operating in the scope of his employment with Western Express. Thus, Western Express is liable both as the owner of the vehicle and as Chase's employer.

## CONCLUSION

For the foregoing reasons, the Court finds that no genuine issues of material fact exist as to Defendants' liability. Plaintiff's motion for partial summary judgment is GRANTED. The case will go forward to trial on the issue of damages, including whether Plaintiff's injuries are sufficiently severe to permit any recovery at all for non-economic loss under New York Insurance Law § 5102(d). The case will be referred to the designated Magistrate Judge for a settlement conference.

SO ORDERED.