*Krynski v. Chase*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of February, two thousand seventeen.

PRESENT:
> PIERRE N. LEVAL,
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

MICHAEL KRYNSKI,

> *Plaintiff-Appellant,*

> > v.                                   No. 16-1090

THOMAS H. CHASE, JR., WESTERN EXPRESS, INC.,

> *Defendants-Appellees.*

_____

FOR APPELLANT:                    MICHAEL FLOMENHAFT (Stephen D.
                                  Chakwin, Jr., *on the brief*), The Flomenhaft
                                  Law Firm, PLLC, New York, NY.

FOR APPELLEES:                    KEITH A. RAVEN, Raven & Kolbe, LLP
                                  (Brian J. Isaac, Michael H. Zhu, Pollack,

Pollack, Isaac, & De Cicco, LLP, *on the brief*), New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Donnelly, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 14, 2016 judgment entered by the District Court is **AFFIRMED**.

Plaintiff-appellant Michael Krynski brought this personal injury action against defendants-appellees Thomas H. Chase, Jr., and Western Express, Inc., after Krynski and Chase were involved in an automobile accident on February 26, 2005. In 2009, the District Court granted Krynski's motion for partial summary judgment on the issue of liability. *Krynski v. Chase*, 707 F. Supp. 2d 318, 329 (E.D.N.Y. 2009). The District Court held a bench trial in January 2016 on the issue of damages. After three days of trial, defendants moved for a "directed verdict," which the District Court treated as a motion for judgment on partial findings under Federal Rule of Civil Procedure 52(c). The District Court granted the motion and later issued a memorandum decision and order explaining the basis for that decision. Krynski appeals various pretrial and evidentiary rulings, the District Court's decision to construe defendants' motion as a motion for judgment on partial findings under Rule 52(c), and the District Court's grant of defendants' motion. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

We review a district court's evidentiary rulings for abuse of discretion. *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 34 (2d Cir 2015). Krynski argues that the District Court erred by refusing to admit Dr. Ryder's records and by denying his motion to exclude defendants' experts, Mr. Scott and Dr. Thibault.[1] We see no abuse of discretion in either ruling.

Krynski also argues that the District Court erred by refusing to admit testimony from Dr. Wasserstein, a neuropsychologist, on the issue of causation. Although Krynski is correct

---

[1] Krynski also argues that the District Court erred by refusing to admit Dr. Boppana's records, but the District Court in fact admitted the records and considered them in her decision.

2

that neuropsychologists may be qualified to testify as to the cause of head injuries, Dr. Wasserstein was not presented in the joint pre-trial order as a causation witness. The District Court therefore did not abuse its discretion in refusing to admit her testimony on the question of causation, while nonetheless allowing her to testify as to the seriousness of Krynski's injuries.

Krynski argues further that the District Court erred by converting defendants' motion for a directed verdict, which he construes as a motion under Rule 50, into a motion for judgment on partial findings under Rule 52(c). Generally, federal courts of appeal will not consider an issue not passed upon by the district court "[unless in] the discretion of the courts of appeals . . . the proper resolution is beyond any doubt or . . . injustice might otherwise result." *Gwozdzinsky ex rel. Revco D.S., Inc. v. Magten Asset Mgmt. Corp.*, 106 F.3d 469, 472 (2d Cir. 1997) (quoting *Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976)) (alterations in original). We can see substantial arguments that the District Court erred in treating the defendant's motion for a directed verdict (which questioned the legal sufficiency of plaintiff's evidence) as a motion under Rule 52(c) (which asked whether the court believed the plaintiff's evidence vis-à-vis that of defendants), and in construing plaintiff's statement that he had no further witnesses, made in the context of the directed verdict motion addressed to legal sufficiency, as meaning that the plaintiff had no further witnesses relating to the credibility of the evidence put forth by both parties. However, no such argument was advanced to the District Court, which could have eliminated the problem by allowing the plaintiff to submit additional evidence. We conclude that, because this issue was not raised in the District Court and because Krynski has not made a showing of manifest injustice or an extraordinary need for us to consider the matter on appeal, we will not consider this issue.

Following a bench trial, we review a district court's findings of fact for clear error and its conclusions of law *de novo. Diesel Props S.R.L. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 51-52 (2d Cir. 2011). "Findings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility." Fed. R. Civ. P. 52(a)(6). With these principles in mind, we have considered plaintiff's remaining arguments. While some of

3

the District Court's rulings were questionable, the asserted errors are not of sufficient importance to justify overturning the judgment.

* * *

We have considered plaintiff's remaining arguments on appeal and find them to be without merit. The judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4